IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>    *Plaintiff & Counterclaim-Defendant,*<br><br>v.<br><br>GILEAD SCIENCES, INC. and GILEAD SCIENCES IRELAND UC,<br><br>    *Defendants & Counterclaim-Plaintiff.* | C.A. No. 19-2103-MN-CJB<br><br><br><br>**REDACTED PUBLIC VERSION** |

**LETTER IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PORTIONS OF
THE OPENING EXPERT REPORT OF ROBERT L. MURPHY**

OF COUNSEL:

Ronald C. Machen
Charles T. Cox Jr.
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006

David B. Bassett
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007

Vinita C. Ferrera
Emily R. Whelan
George P. Varghese
Timothy A. Cook
Jonathan A. Cox
Stephanie Lin
Benjamin Conery
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109

Frederick L. Cottrell, III (#2555)
Kelly E. Farnan (#4395)
Alexandra M. Ewing (#6407)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Tel: (302) 651-7700
cottrell@rlf.com
farnan@rlf.com
ewing@rlf.com

*Counsel for Defendants Gilead Sciences, Inc.
& Gilead Sciences Ireland UC*

Dated: July 7, 2022

Dear Judge Noreika:

Defendants respectfully request that the Court strike paragraphs 57 and 225 of the Opening Expert Report of Robert L. Murphy ("Murphy Report," Ex. A).[1] The Murphy Report improperly introduces new *facts*—not expert opinions—about direct infringement. The government failed to disclose these facts before the fact-discovery deadline, despite Defendants' repeated requests.

Dr. Murphy's report indicates that he plans to testify that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ t (to support the government's induced infringement claims), even though the government: (1) failed to disclose Dr. Murphy on its initial disclosures, even as amended; (2) did not identify ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in response to Gilead's interrogatory and letters specifically ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; and (3) made no attempt to otherwise disclose these acts during fact discovery. The government merely stated that it ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See, e.g.*, Ex. B at 54 (emphasis added). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Disclosure of these facts for the first time following the close of fact discovery is egregiously untimely, and Defendants have already suffered substantial prejudice as a result of the government's actions—the failure to identify Dr. Murphy places Defendants in the position of either having no discovery to verify the government's allegations ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *or* of having to incur substantial costs to both reopen fact discovery and provide supplemental expert reports. There can be no good cause for the government's actions. Accordingly, this Court should strike paragraphs 57 and 225 of the Murphy Report and preclude Dr. Murphy from providing corresponding testimony.

**The government** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The government alleges that Defendants induce infringement of the asserted patents. *See, e.g.*, D.I. 1, ¶¶ 283-84. Induced infringement claims must be supported by an act of direct infringement. *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 923 (2014). Yet, after two years of fact discovery and despite Defendants' repeated requests for the government to identify such acts, the government ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Defendants' requests for this evidence were specific and consistent. On August 13, 2020, Defendants served an interrogatory seeking "the factual and legal bases for any contention that Defendants have [ ] induced infringement of the Patents-in-Suit." Ex. C at 4. The government failed to provide ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in its responses. Indeed, even in its third and last supplemental response, the government merely stated that i▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. B at 54 (emphasis added). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is not disclosure of evidence, and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ever materialized during fact discovery.

The government's final infringement contentions, served on November 12, 2021, also ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. They similarly merely stated that ▮▮▮▮▮

---

[1] This letter does not address a dispute about a reply report recently served by the government, which is not yet ripe. The parties are conferring tomorrow to attempt to resolve that dispute without burdening the Court.

██████████████████████████████████████████████ and that ████████████
████████████████████████████████████████ *See, e.g.*, Ex. D at 43 (emphases added) (repeated over 100 times).  By its own language, the government admitted that ████████ ████████████████████.

Defendants continued to seek identification of ████████████████, only to be ignored.  On January 20, 2021, Defendants notified the government of its "fail[ure] to identify any facts" to "substantiate" its induced infringement claims.  Ex. E at 18-20.  Defendants explained that "[t]he government has provided no specific factual bases to support this element" of induced infringement, "(i.e., it has disclosed no evidence of prescriptions or use by patients that it intends to rely on to substantiate this allegation)." *Id.* at 19.  Defendants thereby requested that "[i]f the government is aware of facts or evidence that it intends to rely upon to substantiate any element of its inducement claims for any part of the alleged infringement/damages period, it must disclose them in response to this interrogatory immediately." *Id.* at 20.  Defendants expressly stated that "[i]f the government fails to do so and later attempts to rely on information that is currently in its possession as evidence of infringement, Gilead reserves all rights to seek to preclude it from doing so." *Id.*  But the government did not disclose ████████ in response.

Defendants again wrote to the government on May 3, 2021, noting that, ████████████ ██████████████████████████████████████████████████████████████████████████ ██████████████████████████████████████ Ex. F at 5; *see id.* ██████████████████ ██████████████████████████████████████████████████  But, again, the government never disclosed ██████████████████████████████████████████ before fact discovery closed on January 21, 2022.  Accordingly, Defendants did not take discovery from ██ ██████████████████████████████████.

**The government first disclosed** ██████████████████████████ **in the Murphy Report.**  Dr. Murphy opines that ████████████████████████████████████ ██████ Ex. A ¶¶ 50, 220.  In support, he relies on ████████████. In paragraph 57, he states: ██████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ *Id.* ¶ 57; *id.* ¶ 225 (identical paragraph regarding ████████████).  This is the first time that the government disclosed that ██████████████████████████████████████████████████████████ ████████.  This is not an opinion or reliance on personal experience to form an opinion; it is a recitation of fact that is material to the government's claims that was not disclosed in discovery.  The government never identified Dr. Murphy as having relevant factual information in its Rule 26(a) disclosures, much less submitted a declaration from Dr. Murphy attesting to ████████████████████████  *See* Ex. G (no disclosure of Dr. Murphy).  And there is no reason that the government could not have identified Dr. Murphy as having relevant facts earlier—

Dr. Murphy has been working with the government since at least last June, when he submitted a declaration in support of the government's claim construction arguments.  D.I. 108-5, at 509-93.  ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████  When an expert relies on previously undisclosed facts that are material to a party's claim in a report, those facts must be excluded.  *See Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.*, 30 F.4th 1339, 1344, 1354 (Fed. Cir. 2022).  Just as here, the Federal Circuit in *Niazi* recently affirmed a district court's decision to strike portions of an expert report that "explained for the first time" that the expert "himself had directly infringed [the claims] when using [the accused] products."  *Id.* at 1354.  In doing so, the Federal Circuit noted that the plaintiff had "never disclosed this fact to [the defendant] during fact discovery" nor "ever identif[ied] Dr. Burke as a potential fact witness," despite "being on notice of this alleged deficiency in its induced infringement claim."  *Id.*; *see also id.* at 1344.

The facts and circumstances of *Niazi* are **identical**:  the plaintiff's infringement contentions supported the asserted induced infringement claims by stating that "'St. Jude induces infringement by instructing doctors to use'" St. Jude's products in an infringing manner, Ex. H, *Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.*, C.A. No. 17-5096 (D. Minn. Mar. 21, 2019), D.I. 69 at 6, without "identify[ing] an actual instance of direct infringement," *id.* at 7.

All of the *Pennypack* factors weigh in favor of striking the newly-disclosed evidence in the Murphy Report.  *See TQ Delta, LLC v. ADTRAN, Inc.*, No. 14-954, 2019 WL 4346530, at *1 (D. Del. Sept. 12, 2019) (discussing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977)).  On *Factor 1* ("prejudice or surprise to the party against whom the evidence is offered"), the government's failure to disclose this evidence has already substantially prejudiced Defendants under the Court's scheduling order.  Because fact discovery is now closed, Defendants cannot pursue third-party discovery related to ████████ ████████████████████████  Although Dr. Murphy will be deposed as an expert, Defendants will not be able to pursue discovery to test the veracity of his allegations (e.g., through subpoenas for the relevant underlying records).  On *Factor 2* ("possibility of curing the prejudice"), there is no possibility of curing the prejudice to Defendants.  Not only should Defendants have had this information at least a year ago, but fact discovery is now closed.  Reopening fact discovery at this point would not cure the prejudice—it would simply amplify the costs of this case by requiring another round of depositions and supplemental expert reports, and potentially force a delay in the trial date (or at least summary judgment dates).  *Factor 3* ("potential disruption of an orderly and efficient trial") weighs in favor of striking the new disclosure for the same reasons.  On *Factor 4* ("presence of bad faith or willfulness in failing to disclose the evidence"), because the government has been working with Dr. Murphy since at least seven months before the close of fact discovery, and because of Defendants' repeated requests for this information, the government's failure to disclose this information during fact discovery was apparently willful, and at the least inexcusable.  And on *Factor 5* ("importance of the information withheld"), if the government believed this information was important to its claims, the government should have disclosed this information in response to Gilead's repeated requests and before discovery closed.

An expert may of course rely upon her own personal experiences to analyze facts ***already*** in the record to offer an expert opinion, but that is not what Dr. Murphy has done.  Rather, the government is attempting to ***supplement*** the closed factual record in this case—this is improper.  For these reasons, Defendants respectfully request that the Court strike paragraphs 57 and 225 of the Murphy Report and preclude any testimony by Dr. Murphy on those subjects.

                Respectfully,

                */s/ Frederick L. Cottrell, III*

                Frederick L. Cottrell III (#2555)

cc: Clerk of Court (via hand delivery; w/attachments)
   All Counsel of Record (via electronic mail; w/attachments)

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2022, I caused true and correct copies of the foregoing document to be served on the following counsel in the manner indicated:

| | |
|---|---|
| **VIA E-MAIL**<br>Laura D. Hatcher<br>Shamoor Anis<br>U.S. Attorney's Office<br>Hercules Building<br>1313 N. Market Street<br>P.O. Box 2046<br>Wilmington, DE 19801<br>302-573-6277<br>Email: laura.hatcher@usdoj.gov<br>Email: shamoor.anis@usdoj.gov | **VIA E-MAIL**<br>Walter W. Brown<br>Philip Charles Sternhell<br>Patrick C. Holvey<br>Amanda K. Kelly<br>Carrie E. Rosato<br>Lucy Grace D. Noyola<br>Matthew David Tanner<br>Sosun Bae<br>Conrad J. Dewitte, Jr.<br>U.S. Department of Justice<br>Civil Division, Commercial Litigation Branch, IP Section<br>1100 L Street, N.W.<br>Washington, D.C. 20530<br>202-307-0341<br>Email: walter.brown2@usdoj.gov<br>Email: philip.c.sternhell@usdoj.gov<br>Email: patrick.c.holvey@usdoj.gov<br>Email: amanda.k.kelly@usdoj.gov<br>Email: carrie.e.rosato@usdoj.gov<br>Email: lucy.grace.d.noyola@usdoj.gov<br>Email: matthew.d.tanner@usdoj.gov<br>Email: sosun.bae@usdoj.gov<br>Email: conrad.dewitte@usdoj.gov<br>Email: PrEP.Docket@usdoj.gov |

/s/ *Frederick L. Cottrell, III*
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com