UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br>    *Plaintiff–Counterclaim Defendant*,<br><br>v.<br><br>GILEAD SCIENCES, INC.,<br>    *Defendant–Counterclaim Plaintiff,*<br><br>AND GILEAD SCIENCES IRELAND UC,<br>    *Defendant*. | C.A. No. 1:19-cv-02103-MN-CJB<br><br>**FILED UNDER SEAL**<br><br>**RESTRICTED INFORMATION**<br>**Subject to Protective Order** |

**LETTER TO THE HONORABLE MARYELLEN NOREIKA OPPOSING
DEFENDANTS' MOTION TO STRIKE PORTIONS OF THE OPENING EXPERT
REPORT OF DR. ROBERT L. MURPHY (D.I. 317)**

LAURA D. HATCHER (DE Bar No. 5098)
Assistant United States Attorney
SHAMOOR ANIS
Assistant United States Attorney
1313 N. Market Street
P.O. Box 2046
Wilmington, Delaware 19899-2046
Tel:   (302) 573-6277
Fax:   (302) 573-6220
*Laura.hatcher@usdoj.gov*
*Shamoor.anis@usdoj.gov*


Of Counsel:
LENA YUEH
Special Counsel
U.S. Department of Justice


*Attorneys for Plaintiff United States*

DAVID C. WEISS
United States Attorney

MICHAEL GRANSTON
Deputy Assistant Attorney General

GARY L. HAUSKEN
Director

WALTER W. BROWN
Senior Litigation Counsel

PHILIP CHARLES STERNHELL
Assistant Director

AMANDA K. KELLY
CARRIE E. ROSATO
PATRICK C. HOLVEY
MATTHEW D. TANNER
LUCY GRACE D. NOYOLA
Trial Attorneys
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, D.C.  20530
Tel:   (202) 307-0341
Fax:   (202) 307-0345

Dear Judge Noreika:

Defendants' motion to strike paragraphs 57 and 225 of the Opening Expert Report of Robert L. Murphy, M.D. (Murphy Report) should be denied.  As Gilead concedes, "[a]n expert may of course rely upon her own personal experience to analyze facts *already* in the record to offer an expert opinion."  D.I. 317 at 3 (emphasis in original).  Indeed, Federal Rule of Evidence 703 allows an expert to rely on her personal experience to inform her expert opinions.  Dr. Murphy  That opinion is based, in part, on  to inform his expert opinion. *See* Murphy Report, D.I. 317, Ex. A at ¶¶ 57, 225.  This is appropriate expert testimony that should not be excluded.

"The exclusion of critical evidence is an extreme sanction" that should be used sparingly and only reserved for "willful deception or flagrant disregard of a court order by the proponent of the evidence."  *In re Paoli R.R. Yard PCB Litig*., 35 F.3d 717, 791-92 (3d Cir. 1994).  Gilead bears the burden of showing that exclusion is the most appropriate remedy.  *See id*. (no exclusion of evidence "absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence").  The decision to exclude evidence is within the discretion of the court.  *Id.* at 749.

The Government repeatedly alleged  which is confirmed by   The Government's infringement contentions detail these allegations by setting forth   *See, e.g.,* D.I. 317, Ex. D at 18, 21, 43, 129, 146, 232, 332, 438.

The Government's infringement contentions further explain that   *See, e.g.,* D.I. 317, Ex. D at 19-20, 21-22.  The Government's Complaint initially detailed this theory of direct infringement.  *See, e.g.,* D.I. 1 at ¶¶ 283, 284, 292, 300, 308, 309 ("When used as instructed, doctors prescribe and patients use [Truvada® or Descovy® for PrEP] to practice the patented method of [a specified Patent-in-Suit].").

Gilead alleges that it will either have "no discovery" from Dr. Murphy or that it will have to "reopen fact discovery and provide supplemental expert reports."  D.I. 317 at 1.  These allegations are incorrect.  Gilead will have an opportunity to depose Dr. Murphy regarding the contents of his expert report, and the parties are actively working to schedule his deposition.  Also, Gilead already submitted a rebuttal report by Dr. Flexner specifically responding to paragraphs 57 and 225 of Dr. Murphy's opening report.  *See, e.g.,* Ex. A at ¶¶ 77-94, 478-486.  There is no need to reopen fact discovery or provide supplemental expert reports.

Gilead's motion to strike portions of Dr. Murphy's report is inconsistent with its own expert reports.  Gilead's own experts (who were not disclosed as fact witnesses in Gilead's Rule 26(a) disclosures) frequently rely on personal experiences as the bases for their opinions.  For example, Gilead's expert, Dr. Charles Flexner,



As another example, the opening report of Gilead's expert, Mr. Wesley Blakeslee, ████████████████████████████████████████

Gilead's position that Dr. Murphy should have been disclosed as a relevant fact witness in the Government's Rule 26(a) disclosures (*see* D.I. 317 at 2) would essentially subject nearly any expert witness that relies on her personal experience in informing her expert opinions to be subject to at least two depositions (one during fact discovery and another during expert discovery), as well as other "third-party discovery" such as "subpoenas." *Id.* at 3.

Gilead relies on the Federal Circuit's affirmance of the District of Minnesota's discretion to exclude portions of an expert report in *Niazi Licensing Corp. v. St. Jude Medical S.C., Inc.*, 30 F.4th 1339 (Fed. Cir. 2022). *See* D.I. 317 at 3. The facts at issue in *Niazi* were drastically different than those at issue here. Niazi's expert sought to introduce a theory of direct infringement that was absent from the case until it was introduced during expert discovery. *See Niazi*, 30 F.4th at 1344-46, 1354. In contrast, and as discussed above, the Government's Complaint and infringement contentions clearly and timely disclosed the direct infringement theory presented by Dr. Murphy, and Dr. Murphy merely confirmed that ████████████████████████.

Gilead incorrectly alleges that the *Pennypack* factors weigh in favor of striking portions of Dr. Murphy's report. *See* D.I. 317 at 3 (citing *TQ Delta, LLC v. ADTRAN, Inc.*, No. 14-954, 2019 WL 4346530, at *1 (D. Del. sept. 12, 2019)). On *Factor 1* ("prejudice or surprise to the party against whom the evidence is offered"), Gilead has not been prejudiced because it already served a rebuttal report by Dr. Flexner specifically addressing the paragraphs at issue in the Murphy Report and Gilead will have an opportunity to depose Dr. Murphy regarding those paragraphs. Gilead cannot feign surprise in view of the Government's consistent presentation of direct infringement throughout fact discovery starting with its Complaint and continuing through, for example, its final invalidity contentions, which articulated the well-known fact that ████████ ████████████████████████████████ *Factor 2* ("possibility of curing the prejudice") and *Factor 3* ("potential disruption of an orderly and efficient trial") favor denial of Gilead's motion for the same reasons. On *Factor 4* ("presence of bad faith or willfulness"), the Government presented Dr. Murphy's report in good faith and without willful disregard of this Court's orders, and no evidence exists to the contrary. On *Factor 5* ("the

---

1 ████████████████████████████████████████████████████████████████

importance of the information"), evidence of direct infringement is required to support the Government's induced infringement claims. *See Limelight Networks, Inc. v. Akamai Techs, Inc.*, 572 U.S. 915, 923 (2014). The paragraphs in Dr. Murphy's report provide information about ▮ ▮ Gilead's decision to proceed with its motion to strike highlights the importance of the disputed information.

      Based on the foregoing, Gilead's motion to strike paragraphs 57 and 225 of the Murphy Report and to preclude any testimony by Dr. Murphy on the subject of those paragraphs should be denied.

                                                    Respectfully submitted,

                                                    */s/Walter W. Brown*
                                                    WALTER W. BROWN

cc: Gilead's counsel (via CM/ECF & Email)