**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *Plaintiff & Counterclaim-Defendant*, v. GILEAD SCIENCES, INC., *Defendant & Counterclaim Plaintiff*, and GILEAD SCIENCES IRELAND UC, *Defendant*. | C.A. No. 19-2103-MN-CJB |

**PARTIES' JOINT RESPONSE TO LETTER
FROM MORNINGSIDE HEIGHTS LEGAL SERVICES, INC.**

Dear Judge Noreika:

Plaintiff the United States of America (the "Government") and Defendants Gilead Sciences, Inc. and Gilead Sciences Ireland UC (together, "Gilead") jointly write in response to the Court's March 15, 2023 oral order (D.I. 404) seeking the parties' positions on a letter from third-party Morningside Heights Legal Services, Inc. ("MHLS") about the sealing of documents in this case (the "MHLS Letter," D.I. 403).

Throughout this litigation, both the Government and Gilead have properly redacted and sealed confidential material in accordance with Third Circuit standards and the Court's Protective Order.  D.I. 48, ¶ 8.  While there is a presumption in favor of access to judicial records and documents, that presumption is not absolute.  *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019).  That presumption is overcome where "the material [at issue] is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure."  *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted).  Further, the right to public access for discovery documents and litigation materials is clearly limited, and both may be sealed upon a showing of "good cause."  Fed. R. Civ. P. 26(c)(1); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 783-91 (3d Cir. 1994)**.**

Here, the confidential information the parties have submitted under seal is "Restricted Information," as defined in the protective order, and falls into several categories that are confidential and competitively sensitive to the parties and to third parties to which either party owes confidentiality obligations.

## I.     Government's Statement on Its Redactions

Nearly all of the Government's redactions concern confidential terms and related information from its patent license agreements with third parties, which have been cited in damages calculations submitted by the parties and their damages experts.  As this Court has recognized, public disclosure of this type of information "could cause real and serious harm to the parties' future negotiations," and thus, is "the sort of material that courts have frequently redacted."  *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 510 (D. Del. 2012).  Accordingly, this information was properly redacted.  The Government's remaining redactions relate to sensitive business or personal information, or information that should otherwise be treated as confidential, and are likewise appropriately redacted.

## II.    Gilead's Statement on Its Redactions

Gilead has redacted only sensitive and confidential information that Courts routinely find to be highly confidential.  Gilead has produced licensing, financial, and related competitively sensitive information that have been discussed by damages experts.  *See, e.g.*, D.I. 361-1, Ex. A (appendices to report discussing detailed financials and terms of third-party agreements); *id.* Ex. E at 32-50 & appendices (same).  The Third Circuit recognizes that such business information may be sealed.  *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) ("[C]ourts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing."); *see also Del. Display Grp. LLC*

*v. LG Elecs. Inc.*, 221 F. Supp. 3d 495, 497 (D. Del. 2016) ("[T]here are things that might be appropriately sealed in a public proceeding, such as the pricing terms in license agreements, some other non-public financial information, trade secrets, and other proprietary technology"); *United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 159 & n.6 (D. Del. 1999) (affording protection to documents reflecting business strategy, marketing and sales plans, and financial information because disclosure of such information would result in a "clearly defined and serious injury").

Gilead has also produced extensive confidential regulatory filings, such as Risk Evaluation and Mitigation Strategy ("REMS") filings that the Government has relied on in its infringement case. *See, e.g.*, D.I. 350 at 6-16; D.I. 350-16, 350-17, 350-18, 350-19. Such FDA records are to be treated as confidential. *N.Y. Times Co. v. U.S. Food & Drug Admin.*, 529 F. Supp. 3d 260, 284-87 (S.D.N.Y. 2021) (withholding records provided to the FDA that were treated as confidential and assured to be kept confidential); *cf.* 5 U.S.C. § 552(b) (exempting from public disclosure by an agency "trade secrets and commercial or financial information obtained from a person and privileged or confidential").

GSIUC has produced documents and information related to the details of its operations and Gilead's global supply chain that both Gilead and the Government cite in their motions for summary judgment of non-infringement. *See, e.g.*, D.I. 345 at 28; D.I. 351 (Exs. 48 & 49); D.I. 367 at 29-30 (discussing supply chain agreements); D.I. 367-1 at Exs. W-Z. Such highly confidential information may be sealed. *See Rice v. Electrolux Home Prods., Inc.*, No. 4:15-CV-00371, 2017 WL 83320, at *1 (M.D. Pa. Jan. 10, 2017) (finding "supply chain information" to be "'highly confidential' business material").

MHLS overstates the extent of Gilead's redactions. The MHLS Letter includes general citations to several sealed documents, but it focuses on only a single page from Gilead's opening summary judgment brief. D.I. 403 at 3, 6. The sealed material on that page is a recitation of confidential facts about GSIUC's role in Gilead's global supply chain—that was the only type of information redacted in this brief.[1] The legal arguments related to GSIUC's motion for summary judgment are all unredacted, *see* D.I. 355 at 29-31, except for light redactions where the facts are restated. The competitively sensitive factual information in this section, which was produced pursuant to a protective order, is not necessary to understand GSIUC's argument.

### III. Parties' Procedures for Filing Under Seal

MHLS incorrectly suggests that the parties have not followed this Court's rules, noting "that neither the United States nor Gilead has ever filed a motion to seal arguing that secrecy is necessary for any of these sealed filings." D.I. 403 at 3; *see also id.* at 6 (incorrectly stating that "Gilead simply assumed a right to secrecy"). But, in fact, the parties jointly proposed, and the Court entered, a protective order that permits confidential discovery materials to be filed as sealed on the docket without motion practice, as long as redacted versions are also timely filed.

---

[1] Although Gilead believes its redactions are appropriate, trial is only a few weeks away, so Gilead will submit a version of its opening summary judgment brief that makes public the confidential information that Gilead believes will likely become public at trial or in the Court's summary judgment decision, as proposed below.

D.I. 48, ¶¶ 8-9.  This is consistent with governing case law and other protective orders that this Court has entered.  All sealed and redacted filings by the Government and Gilead have followed and complied with this procedure.

### IV.     Parties' Proposal for Reevaluating Redactions in Summary Judgment Briefing

Though the parties believe they have each properly redacted the summary judgment briefing and exhibits, at least for the reasons explained above, the Government and Gilead will take additional steps to address the concerns that the MHLS Letter raises to ensure the public's right of access is respected.  Specifically, the parties propose that they take the following steps:

- Today, Gilead will submit a version of its opening summary judgment brief—the focus of the MHLS Letter—that has fewer redactions.

- Within two weeks (by March 31, 2023), the parties will review all sealed or redacted filings specifically identified in the MHLS Letter to reconfirm that the redactions comply with the Third Circuit's standard for sealing.  If necessary, the parties will file amended versions with less redactions, as Gilead is doing today for its opening summary judgment brief.[2]

- To ensure that the public has greater access to materials that form the basis for any decision in this case, the parties will review any sealed or redacted documents cited by the Court in granting any summary judgment motion.  Within one week of such an order, the parties will either file public versions of documents relied on by the Court or submit redacted versions supported by declaration(s) justifying the redactions.

- The parties do not anticipate extensive redactions to any further filings now that this case is on the eve of trial.  However, if any redactions are necessary to pretrial filings, the parties will file under seal and submit within one week a redacted version accompanied by declaration(s) justifying the redactions.[3]

- The parties will confer in good faith about the confidentiality of any trial exhibits or testimony and, in their proposed pretrial order (currently due on April 17, 2023), will propose a procedure that will reduce or eliminate the need for sealing any part of the

---

[2] MHLS's proposal would require the Court to review and act on motions to seal for any proposed redactions at this point.  D.I. 403 at 7 (point (i)).  The parties do not believe this is necessary.  To the extent that MHLS still believes that any of these amended filings do not comply with the Third Circuit's standard for sealing discovery materials, the parties are willing to meet and confer in good faith with MHLS's counsel to address its concerns.

[3] This is functionally equivalent to MHLS's proposal, except without requiring immediate action by the Court.  *See* D.I. 403 at 7 (point (ii)).

upcoming trial.[4]  The parties anticipate that only highly sensitive financial and licensing information is likely to warrant sealing.

The parties appreciate the Court's attention to this matter and are available at the Court's convenience to discuss MHLS's concerns or the parties' joint proposals set forth above.

---

[4] This is consistent with MHLS's third request.  *See* D.I. 403 at 7 (point (iii)).  The parties do not object to MHLS attending the pretrial conference and being briefly heard, provided that there remains sufficient time to address any pending motions and the conduct of the trial.

Dated: March 17, 2023

| | |
|---|---|
| DAVID C. WEISS<br>United States Attorney | */s/Kelly E. Farnan*<br>Frederick L. Cottrell, III (#2555)<br>Kelly E. Farnan (#4395)<br>Alexandra M. Ewing (#6407) |
| BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General | RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street |
| GARY L. HAUSKEN<br>Director | Wilmington, DE 19801<br>Tel: (302) 651-7700 |
| */s/Walter W. Brown*<br>WALTER W. BROWN<br>Senior Litigation Counsel | cottrell@rlf.com<br>farnan@rlf.com<br>ewing@rlf.com |
| LAURA D. HATCHER<br>SHAMOOR ANIS<br>Assistant United States Attorney<br>1313 N. Market Street<br>P.O. Box 2046<br>Wilmington, DE 19899-2046<br>Tel: (302) 573-6277<br>Fax: (302) 573-6220<br>*Laura.hatcher@usdoj.gov*<br>*Shamoor.anis@usdoj.gov* | David B. Bassett<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>Tel: (212) 230-8800<br><br>Vinita C. Ferrera<br>Emily R. Whelan<br>George P. Varghese |
| PHILIP CHARLES STERNHELL<br>Assistant Director<br>CARRIE E. ROSATO<br>PATRICK C. HOLVEY<br>MATTHEW D. TANNER<br>LUCY GRACE D. NOYOLA<br>Trial Attorneys<br>Commercial Litigation Branch<br>Civil Division<br>U.S. Department of Justice<br>Washington, D.C. 20530<br>Tel: (202) 307-0341<br>Fax: (202) 307-0345 | Timothy A. Cook<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Tel: (617) 526-6000<br><br>Ronald C. Machen<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>2100 Pennsylvania Avenue NW<br>Washington, DC 20037<br>Tel: (202) 663-6000 |
| Of Counsel:<br>LENA YUEH<br>Special Counsel<br>Department of Justice | *Counsel for Defendants Gilead Sciences, Inc.<br>and Gilead Sciences Ireland UC and<br>Counterclaim Plaintiff Gilead Sciences, Inc.* |
| *Counsel for Plaintiff United States* | |