

Frederick L. Cottrell, III
302-651-7509
Cottrell@RLF.com

March 29, 2023

**VIA E-FILE & HAND DELIVERY**

The Honorable Maryellen Noreika
United State District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 19, Room 4324
Wilmington, DE 19801-3555

>   Re: *The United States v. Gilead Sciences, Inc., et al.*
>   C.A. No. 19-2103-MN

Dear Judge Noreika:

Defendants Gilead Sciences, Inc. and Gilead Sciences Ireland UC (together, "Gilead") write in advance of the Court's hearing on redactions, scheduled for April 4, 2023 (D.I. 405).

To facilitate the Court's review, Gilead has worked diligently to complete a line-by-line review of the 113 documents that were entirely or partially redacted by both parties. While Gilead maintains that much of this material, including written responses to discovery requests, deposition transcripts, and expert reports, was appropriately filed under seal in the first instance, Gilead has opted to limit the scope of its redactions.

As a result, Gilead will not maintain any redactions on 71 documents that were previously sealed or redacted for Gilead information.[1] Gilead has also identified 21 documents where it has opted to significantly reduce redactions for Gilead confidential material. Gilead requests only seven documents continue to be sealed in their entirety given the information contained therein. The limited information that Gilead seeks to maintain as confidential falls into the following four categories:

---

[1] For clarity, the government is maintaining its own redactions on 14 documents that were not previously redacted for Gilead information. Also, the following documents are not included in the counts because the redactions only remove headings or footers that indicated that the document was a sealed version or subject to the Protective Order—D.I. 354, D.I. 357, D.I. 359-1 Ex. 10, D.I. 359-3 Exs. 20, 21, 23, and 25; and D.I. 349-4 Ex. 32.

- Agreement terms, including third-party confidential financial terms that Gilead is contractually obligated to maintain as confidential and details about each parties' specific contributions[2];

- Detailed financial and marketing data generated by Gilead for products that are still currently on the market[3];

- The details of Gilead's current global supply chain, including manufacturing sites and product supply details that go beyond those products at issue in this litigation[4]; and

- Personal identifying information of specific Gilead employees and third parties that is not relevant to the issues before this Court.

Each of the first three categories constitutes sensitive business information and trade secrets that would harm Gilead's competitive standing as well as those of its partners and

---

[2] *Genentech, Inc. v. Amgen, Inc.*, No. 17-1407- CFC, 2020 WL 9432700, at *4 (D. Del. Sept. 2, 2020), *report and recommendation adopted,* No. CV 17-1407-CFC, 2020 WL 9432702 (D. Del. Oct. 1, 2020) (sealing "confidential terms of settlement and license agreements, business intelligence," and commercial "planning and/or strategy," among other materials); *Lambeth Magnetic Structures, LLC v. Seagate Tech. (US) Holdings, Inc.*, No. CV 16-538, 2022 WL 819094, at *3-4 (W.D. Pa. Mar. 17, 2022) (sealing license agreements and "financial and sales data that is not filed with the SEC and cannot be calculated from publicly available information," such as "Defendants' internal transfer pricing, internal demand estimates, and HDD sales").

[3] *See Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) ("[C]ourts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing."); *see also Amgen Inc. v. Amneal Pharms. LLC*, No. CV 16-853-MSG, 2021 WL 4868555, at *1 (D. Del. Oct. 19, 2021), reconsideration denied, No. 16853MSGCONSOLIDATED, 2021 WL 6882653 (D. Del. Oct. 20, 2021) (redacting information such as "[f]inancial data including prices, net sales, cost of goods, gross margins, and contract payment terms" and "market share percentages"); *Del. Display Grp. LLC v. LG Elecs. Inc.*, 221 F. Supp. 3d 495, 497 (D. Del. 2016) ("[T]here are things that might be appropriately sealed in a public proceeding, such as the pricing terms in license agreements, some other non-public financial information, trade secrets, and other proprietary technology"); *United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 159 & n.6 (D. Del. 1999) (affording protection to documents reflecting business strategy, marketing and sales plans, and financial information because disclosure of such information would result in a "clearly defined and serious injury").

[4] *See Lambeth*, No. CV 16-538, 2022 WL 819094, at *3-4 (sealing "internal transfer pricing"); *Rice v. Electrolux Home Prods., Inc.*, No. 4:15-CV-00371, 2017 WL 83320, at *1 (M.D. Pa. Jan. 10, 2017) (finding "supply chain information" to be "'highly confidential' business material").

March 29, 2023
Page 3

licensees if made public. The fourth category constitutes sensitive personal information of individuals who deserve a right to privacy.

   In support of its request to maintain redactions over this limited information, Janice Ye of Gilead will attend the hearing in person. Ms. Ye is Senior Counsel, IP Litigation within Gilead's Litigation & Investigations department and also holds the role of Chief of Staff for Gilead's Senior Vice President of Legal. In her roles and through interviews, review of documents, and other inquiry conducted in preparation for the hearing, Ms. Ye is knowledgeable about the information Gilead seeks to maintain as sealed and is prepared to testify regarding the present commercial and competitive harms to Gilead should its sensitive business information become public. Gilead therefore believes that it will "have the necessary personnel present" as ordered by the Court. If, however, the Court requires any additional information that those present cannot provide, we request permission to have others from Gilead appear by telephone. The government does not object to this request.

              Respectfully submitted,

              */s/ Frederick L. Cottrell, III*

              Frederick L. Cottrell, III (#2555)

FLC:kxr

cc: All Counsel of Record (via ECF and electronic mail)