# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br>　　*Plaintiff–Counterclaim Defendant*,<br><br>v.<br><br>GILEAD SCIENCES, INC.,<br>　　*Defendant–Counterclaim Plaintiff,*<br><br>AND GILEAD SCIENCES IRELAND UC,<br>　　*Defendant*. | C.A. No. 1:19-cv-02103-MN-CJB |

## LETTER TO THE HONORABLE CHRISTOPHER J. BURKE
## REGARDING DISCOVERY DISPUTE

| | |
|---|---|
| LAURA D. HATCHER (DE Bar No. 5098)<br>Assistant United States Attorney<br>SHAMOOR ANIS<br>Assistant United States Attorney<br>1313 N. Market Street<br>P.O. Box 2046<br>Wilmington, Delaware 19899-2046<br>Tel:　(302) 573-6277<br>Fax:　(302) 573-6220<br>*Laura.hatcher@usdoj.gov*<br>*Shamoor.anis@usdoj.gov*<br><br>*Attorneys for Plaintiff United States* | DAVID C. WEISS<br>United States Attorney<br><br>SARAH HARRINGTON<br>Deputy Assistant Attorney General<br><br>GARY L. HAUSKEN<br>Director<br><br>WALTER W. BROWN<br>Senior Litigation Counsel<br><br>PHILIP CHARLES STERNHELL<br>Assistant Director<br><br>PATRICK C. HOLVEY<br>CARRIE E. ROSATO<br>AMANDA K. KELLY<br>Trial Attorney<br>Department of Justice<br>Commercial Litigation Branch<br>Civil Division<br>U.S. Department of Justice<br>Washington, D.C.  20530<br>Tel:　(202) 307-0341<br>*Attorneys for Plaintiff United States* |

**CONTAINS RESTRICTED INFORMATION—Subject to Protective Order**

Dear Judge Burke,

According to the Court's Order (D.I. 226), Plaintiff United States of America (Government) outlines the following discovery disputes with Defendants Gilead Sciences, Inc. (GSI) and Gilead Sciences Ireland UC (GSIUC) (collectively, Gilead).

**First, the Court should order production of documents from GSIUC.** GSIUC is a party to this action. The Government served appropriate RFPs on GSIUC seeking relevant, nonprivileged documents related to (i) GSIUC's working in concert with GSI to manufacture, package, and label Truvada for PrEP (and use of overlapping management/representatives), *see* Ex. A at RFP No. 76, Ex. B at RFP Nos. 206, 235-239; (ii) GSIUC's designation in FDA's Electronic Drug Registration and Listing System (eDRLS) as the party responsible for manufacturing and packaging Truvada for PrEP (including package inserts), *see id.* at RFP No. 237 (iii) statements in Gilead's Complaint in *Gilead Sciences, Inc. et al v. AJC Medical Group, Inc. et al.*, 1:20-cv-24523, D.I. 1 (S.D. Fla. Nov. 3, 2020) describing GSUIC's role in manufacturing and packaging Truvada®, *see id.* at RFP Nos. 213-215; and (iv) GSIUC's application and ownership of the U.S. trademark, DESCOVY FOR PREP (U.S. Reg. No. 5,912,591) and similar mark DESCOVY EMTRICITABINE 200 MG / TENOFOVIR ALAFENAMIDE 25MG TABLETS FOR PREP PRE-EXPOSURE PROPHYLAXIS (U.S. Reg. No. 6,414,007), *see* Ex. A at RFP No. 12.

Gilead has refused to produce any documents related to GSIUC beyond two custodial documents, and only a few hundred documents that mention GSIUC—which mostly relate to regulatory filings with the FDA. This truncated production does not fulfill GSIUC's discovery obligations. Gilead's refusal is based solely on its unjustified position that GSIUC should not be a defendant in this case. Indeed, GSIUC has not moved for dismissal.

The Government's complaint states that "Gilead Sciences, Inc., and Gilead Sciences Ireland UC (collectively, Gilead) work in concert to manufacture, import, market, distribute, label, and sell Truvada® and Descovy® for PrEP in this judicial District and throughout the United States." D.I. 1 at 4 (¶ 15). The Government has identified significant evidence supporting these allegations, as noted in its responses to Interrogatory No. 4 (Ex. D at 31-58) and in the Government's final infringement contentions. *See, e.g.*, Ex. E at 23-27.

Most notably, Gilead's complaint from a Southern District of Florida litigation asserts that, *inter alia*, "Gilead [defined as Gilead Sciences and GSIUC, collectively] provides printed instructions for use to recipients of PrEP medication by way of an instructional package insert that accompanies every bottle of PrEP tablets. Neither the FDA nor Gilead permits PrEP medication to be sold or dispensed without the accompanying FDA-approved package insert." *Id.* at 25-26 (quoting *Gilead Sciences, Inc.*, 1:20-cv-24523, D.I. 1 at ¶ 260 (S.D. Fla. Nov. 3, 2020)).[1] Gilead's pleadings further assert that GSIUC was "the registered owner of certain well-established and famous registered trademarks that appear on the packaging, tablets, and instructional inserts of certain genuine PrEP medications," *id.* at ¶ 25, and that GSI and GSIUC collectively own and use trademarks in connection with the sale and promotion of PrEP medications in the United States,

---

[1] Gilead has similarly refused to produce documents relating to *Collins v. Gilead Sciences, Inc.*, Del. Ch. C.A. No 2020-0138-KSJM, even though allegations in that case relate directly to this litigation. *See* Ex. B at 17-18 (Gilead Response to RFP No. 198).

**CONTAINS RESTRICTED INFORMATION—Subject to Protective Order**

*id*. at ¶¶ 26-28.  Indeed, GSIUC is the owner of the Descovy for PrEP® trademark in the United States.

GSIUC is obligated to comply with its discovery obligations as a party in this action, given its admitted role with Gilead's infringing products.  *See, e.g.,* FRCP 26(b)(1).  Accordingly, the Court should order GSIUC to supplement its production of GSIUC documents relating to RFP Nos. 12, 76, 206, 213-215, and 235-239 by January 3, 2022.

**Second, the Court should order Gilead to perform targeted searches for certain documents from three key individuals.**  Since February, the Government has requested that Gilead search additional custodians, and repeatedly explained to Gilead their relevance to this litigation, including instances where the custodians were specifically referenced (sometimes repeatedly) in the complaint.  These custodians are also referenced in specific RFPs.  The Government asks the Court to order Gilead to perform targeted searches from three key individuals for documents responsive to the RFPs, as described below.

RFP Nos. 261-262 and 131 seek documents relating to Gilead CEO Daniel O'Day's testimony to Congress, including documents supporting his specific testimony regarding Truvada pricing, validity of the Government patents-in-suit, and Gilead's decision not to challenge the Government patents.  *See* Ex. C at RFP Nos. 261-262; Ex. A at RFP. No. 131.  Gilead has only produced thirteen emails from Mr. O'Day, and no custodial documents.

Gilead claims that "sufficient" information not directly related to Mr. O'Day's testimony, such as pricing information, was already produced.  Ex. F at 12, 13.  On November 18, Gilead represented for the first time that it would not present Mr. O'Day for deposition in response to a notice the Government served on November 9.  *See* Ex. G at 3.  Thus, Gilead has refused to provide both Mr. O'Day's documents and his testimony on these important topics.

RFP No. 264 seeks Dr. Terrance Dahl's documents relating to the research and other work that led to PCT Application No. WO 2004/064845 Al (which names Dr. Dahl as a lead inventor).  *See* Ex. C at RFP No. 264.  Gilead relies extensively on this PCT Application in its invalidity contentions.  *See* Ex. H at 28, 30, 49, 107-108, 113, 120-121.  Gilead refuses to search for and produce documents responsive to this RFP, wrongly alleging that Dr. Dahl's status as a lead inventor of the prior-art PCT application is irrelevant to the documentation of his alleged invention.  *See* Ex. G at 6; Ex. I at 6; Ex. F at 15.  Dr. Dahl's (and his colleagues') documented work and knowledge related to his work (particularly in the time period before the filing of the patents-in-suit) is clearly relevant to evaluating Gilead's invalidity defenses related to the PCT application.  Gilead has sought and received equivalent document production (and testimony) relating to the Government's prior publications, such as the 2006 Subbarao *et al*. paper published in the *Journal of Infectious Diseases*.  *See* Ex. I at Gilead RFP No. 124.  Gilead refuses to provide the Government with an equivalent document production.

RFP No. 221 seeks, *inter alia*, Traci Carrithers' documents regarding HIV treatment, PrEP, Truvada® and Descovy®.  In connection with this RFP, the Government asked Gilead to search for and produce Ms. Carrithers' documents relating to the material transfer agreements (MTAs) at issue in this case and commercial product management committee meetings (and similar meetings) relating to Truvada® or Descovy®.  Ms. Carrithers served as an assistant to key Gilead witness and custodian Dr. Norman Bischofberger and was included on communications regarding the MTAs at issue and commercial product management committee meetings.  Gilead, however, has refused to search Ms. Carrithers' files for the subset of targeted documents responsive to RFP No. 221.

**CONTAINS RESTRICTED INFORMATION—Subject to Protective Order**

Based on the foregoing, the Government asks the Court to order Gilead to perform targeted searches for, and produce documents responsive to, RFP Nos. 261-262 and 131 from Mr. O'Day, RFP No. 264 from Dr. Dahl, and RFP No. 221 from Ms. Carrithers by January 3, 2022.

**Third, the Court should order Gilead to produce relevant agendas, presentations, and minutes from meetings of Gilead's Board of Directors and Executive Committee.** The Government served an RFP seeking agendas, presentations, and minutes from meetings of its Board of Directors and Executive Committee that discuss pricing of the Accused Products or the Patents-in-Suit. *See* Ex. C at RFP No. 263. These documents are crucial to understanding Gilead's decision making as it relates to the pricing and sales of the Accused Products for PrEP, Gilead's awareness of the Patents-in-Suit, Gilead's decision to file IPR petitions on the Patents-in-Suit, and Gilead's decision to file suit in the Court of Federal Claims.

Gilead made clear that it "will not search for or produce additional documents responsive to this request," and added that "to the extent non-privileged information related to the pricing of Truvada® and Descovy® since 2011 or the Patents-in-Suit is presented to the Board of Directors or other Gilead stakeholders, that information is ***derived from and reflected*** in the documents Gilead has already produced," while offering the Government no opportunity to review the actual documents presented to the Board of Directors and stakeholders themselves. Ex. F at 14 (emphasis added). Gilead further asserts that "[t]he burden of producing such information—particularly after the government's refusal to agree to redaction of irrelevant and non-responsive information . . . simply outweighs any value they may have to this case." Ex. I at 9. Gilead's insistence on redactions for relevance or responsiveness is inappropriate. *See, e.g., Shenwick v. Twitter, Inc.*, No. 16-cv-05314-JST, 2018 WL 833085, at *3 (N.D. Cal. 2018) ("In general, courts frown upon the practice of redacting irrelevant information from documents based on one party's unilateral assessment of relevance."). Accordingly, the Court should order Gilead to produce documents responsive to RFP No. 263 by January 3, 2022, and to do so without redactions for relevance.

**Fourth, the Court should order Gilead to produce documents related to manufacturing costs and other factors that were considered by Gilead in determining the initial price of Truvada in 2004.** The Government served a RFP seeking Gilead's documents related to the initial retail and wholesale pricing of Truvada® when it was launched as an HIV treatment in 2004. *See* Ex. B at RFP No. 222. Gilead has refused to produce documents dating back to the initial launch of Truvada® even though its own CEO, Mr. O'Day, testified before Congress that the price of Truvada® was left unchanged when the PrEP indication was added in 2012. Mr. O'Day's testimony makes cost and pricing information before 2012 clearly relevant to issues in this case. Accordingly, the Court should order Gilead to produce documents responsive to RFP No. 222 by January 3, 2022 related to the initial retail and wholesale pricing of Truvada® when it was launched as an HIV-treatment drug in 2004.

Respectfully submitted,

/s/Walter W. Brown
WALTER W. BROWN

cc: Gilead's counsel (via CM/ECF & Email)