UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br>    *Plaintiff–Counterclaim Defendant*,<br><br>v.<br><br>GILEAD SCIENCES, INC.,<br>    *Defendant–Counterclaim Plaintiff,*<br><br>AND GILEAD SCIENCES IRELAND UC,<br>    *Defendant.* | **FILED UNDER SEAL**<br><br>Civil No. 1:19-cv-02103-MN |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF FACTS AS TO WHICH DEFENDANTS CONTEND THERE IS A GENUINE ISSUE TO BE TRIED**

LAURA D. HATCHER (DE Bar No. 5098)
Assistant United States Attorney
SHAMOOR ANIS
Assistant United States Attorney
1313 N. Market Street
P.O. Box 2046
Wilmington, Delaware 19899-2046
Tel:    (302) 573-6277
Fax:    (302) 573-6220
*Laura.hatcher@usdoj.gov*
*Shamoor.anis@usdoj.gov*


Of Counsel:

LENA YUEH
Special Attorney
Department of Justice

DAVID C. WEISS
United States Attorney

MICHAEL GRANSTON
Deputy Assistant Attorney General

GARY L. HAUSKEN
Director

WALTER W. BROWN
Senior Litigation Counsel

PHILIP CHARLES STERNHELL
Assistant Director
CARRIE E. ROSATO
PATRICK C. HOLVEY
MATTHEW D. TANNER
LUCY GRACE D. NOYOLA
Trial Attorneys
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, D.C.  20530
Tel:    (202) 307-0341
Fax:    (202) 307-0345

*Attorneys for Plaintiff United States*

Pursuant to D.I. 27 at ¶ 14, the Government provides its response to the statement of facts that Defendants contend there is a genuine issue to be tried, D.I. 363 at 7-10, as follows:

## I. The Government Is Entitled to Partial Summary Judgment of Infringement

1. It is undisputed only that the Truvada® Insert contains the quoted statements. However, the Insert includes instructions that patients are only eligible for Truvada for PrEP® if they engage in activities that are at-risk for exposure to HIV. D.I. 350 at 15-16; Ex. 15 at 3; Ex. 14 at 1, 3; Ex. 22 at 1, 3; Ex. 12 at 1, 5; Ex. 13 at 1, 5; Ex. 21 at 1, 5. Gilead knows that Truvada for PrEP® patients engage in at-risk activities for HIV exposure despite the Insert's recommended safer sex practices. Gilead's REMS data demonstrate that between 81.3-100% of Truvada for PrEP® patients had unprotected condomless sex in the last 3 months, and between 65.5-100% did not use a condom the last time they had sex. *See* Ex. 8 at ¶ 59, Ex. 17 at -841-42, Ex. 18 at -368-69, Ex. 19 at -759. Gilead's PrEP user survey states that "[r]isky behaviors abound: few [PrEP users] are monogamous and most have had unprotected anal sex." Ex. 23 at -285.

2. It is undisputed that Dr. Murphy's deposition testimony includes the quoted statement. But he further testified that his own experience prescribing Truvada for PrEP® aligns with the objective REMS data demonstrating that Truvada for PrEP® patents nonetheless engage in activities that are at risk for HIV exposure. Ex. 51 at 53-58, Ex. 25 at 216-17.

3. Undisputed only that the Truvada® Insert contains the quoted statements. Disputed that a patient following the quoted prevention strategy does not experience a "potential exposure" to HIV. Ex. 8 at ¶¶ 61-82; D.I. 367, Ex. D at ¶ 88-102. No reasonable jury could find that Truvada for PrEP® patients do not experience a "potential exposure" to HIV. *See supra* ¶ 1.

4. It is undisputed that, in the hypothetical situation where a patient's partner is virally suppressed or HIV negative, there is no risk of HIV transmission. However, Dr. Marcus further testified that there are inaccuracies with perceptions of viral suppression status and HIV-negative

1

status such that risk for potential HIV exposure remains in real-world situations. Ex. 52 at 224-27, 119; D.I. 367, Ex. D at ¶¶ 93-95.

5.  It is undisputed only that federal and state entities have acted to encourage the use of Truvada for PrEP® in accordance with Gilead's Truvada® Insert since 2012. The cited evidence points back to Gilead's Truvada® Insert as the primary causation for patients' infringing use of Truvada for PrEP®. *See* Ex. 8 at ¶¶ 297-98. Dr. Flexner admitted that real-world physicians and patients may not use the cited evidence "at all," and the cited evidence has no causation contribution in at least those circumstances. Ex. 53 at 402.

6.  Disputed because no reasonable jury could find that Truvada for PrEP® patients do not experience a "potential exposure" to HIV. *See supra* ¶ 1. Gilead's REMS surveyed a random sample of 418 patients, and each surveyed patient was a real-world Truvada for PrEP® user. D.I. 350 at 7-8; Ex. 17 at -517-18; Ex. 18 at -359; Ex. 19 at -548. The results from those 418 surveyed patients are representative of the infringing activities of the thousands of Truvada® for PrEP patients. D.I. 350 at 7-8, 10; Ex. 16 at -6868, -6943; Ex. 20 at -1787.

7.  Undisputed that the REMS were "self-reporting in nature," but disputed that the cited Murphy testimony makes Gilead's own REMS survey results, which it submitted to the FDA, unreliable evidence of infringement. D.I. 350 at 7; Ex. 16 at -7038. Dr. Murphy's cited testimony commented on the iPrEx trial, not the REMS survey results. Ex. 51 at 132-33.

**II. The Inventors Assigned Patent Rights to the Government, and Dr. Janssen Did Not Grant Gilead a License.**

8.  Disputed. The 2006 Assignment defines the invention and patent application by describing the invention as "METHODS AND COMPOSITIONS FOR PROPHYLAXIS" and invented by all five named inventors of the '811 Provisional Application (and the resulting non-provisional applications and Patents-in-Suit) and by referring to attorney docket number I-022-

06US1P and CDC invention number I-022-06 (the same numbers used with the '811 Provisional and '547 Application). Ex. 32 at -160-63; Ex. 31 at -854-56; Ex. 33 at -287, -314; Ex. 29 at 52-53, 77-78. The last sentence is disputed to the extent it suggests that the cover sheet could identify other applications in 2006 where none had been filed by that time.

9. Undisputed, except to the extent these statements suggest that the '547 Application cover sheet required identification of an assignment or assignee, or that the assignee was required to prosecute the application before May 2014. The cover sheet required identification of an assignment or assignee only when the assignment is an "ACCOMPANYING APPLICATION PART[]." Ex. 33 at -282; Ex. 54 at 103-04. The '547 Application was filed at time when a patent could be applied for in the name of the inventors only. Ex. 33 at -282-85.

10. Disputed only to extent statement suggests that the Patent Office required submission of the 2006 Assignment to show assignment of the cited patents. M.P.E.P. § 306.01.

11. Undisputed that Exhibit A lists the PCT counterpart of the '547 Application, but disputed that Dr. Janssen listed a "Prior Invention owned by me or in which I have an interest." Exhibit A requires listing of "Prior Inventions" irrespective of ownership. Ex. 35 at -452-53, -457.

12. Disputed. Dr. Janssen assigned his patent rights to the Government in 2006 and had no rights to license to Gilead in 2008. Ex. 32. The CIIA did not grant a license to use "Prior Inventions," as defined by the CIIA. *See supra* ¶ 11. Dr. Janssen did not work on PrEP at Gilead and was not responsible for seeking the Truvada® PrEP indication. Ex. 55 at 34-35, 189-90, 204. As of February 2009, Gilead was not seeking the indication. *Id.* at 35, 204, 211.

**III. The Court Should Grant Summary Judgment of No Public Use**

13. The accuracy of the uncorroborated testimony is disputed. *See infra* ¶ 14. Disputed whether the testimony relates to PEP rather than PrEP. Ex. I at 214.

14. Disputed. Exhibits R, S, T, X, and Y are not prior art to the Patents-in-Suit.

3

Exhibits T, U, V, W, X, and Y disclose TDF-monotherapy or are ambiguous to the prescribed drug. Exhibits R-U and V are more likely PEP than PrEP. *See* Ex. I at 214.

### IV. There Are No Genuine Issues of Material Fact Precluding Summary Judgment on Gilead's Inequitable Conduct Claim

15. It is undisputed only that Dr. Heneine and Dr. Garcia had sporadic communications with the prosecuting attorney/agent during prosecution of the '547 Application.

16. Disputed. The cited evidence is insufficient to establish deceptive intent. The inventors believed in good faith during prosecution that (1) the claims were directed to PrEP (not PEP) and (2) the CDC-PEP reference was not material. Ex. GGG at 133; Ex. 25 at 216; Ex. 11 at 209-11, 225-26; Ex. 25 at 145-46, 170-73, 213-14, 215-16; Ex. 44 at 145-56.

17. Undisputed as to the quoted portions of the inventor declarations. Disputed that the inventors knew the claims were directed to PEP during prosecution. *See supra* ¶ 16.

18. Disputed that the Government engaged in inequitable conduct at least because Gilead's cited evidence cannot establish deceptive intent. *See supra* ¶ 16. Disputed that there was any "potential inequitable conduct" to alert the examiner to during prosecution of the '509 and '333 Patents. *Id.* Undisputed only that Gilead alerted the Government to baseless allegations of inequitable conduct on February 15, 2017, and that the Government disclosed the CDC-PEP reference to the PTO after February 15, 2017.

19. For first sentence, undisputed except to the extent that the Government cancelled claims 13, 16, 18, and 19, which mooted the rejection. Ex. LL at -231-32. The second sentence is undisputed.

Dated: December 19, 2022

LAURA D. HATCHER (DE Bar No. 5098)
Assistant United States Attorney
SHAMOOR ANIS
Assistant United States Attorney
1313 N. Market Street
P.O. Box 2046
Wilmington, Delaware 19899-2046
Tel:   (302) 573-6277
Fax:   (302) 573-6220
*Laura.hatcher@usdoj.gov*
*Shamoor.anis@usdoj.gov*


Of Counsel:
LENA YUEH
Special Attorney
U.S. Department of Justice

Respectfully submitted,

DAVID C. WEISS
United States Attorney

MICHAEL GRANSTON
Deputy Assistant Attorney General

GARY L. HAUSKEN
Director

*/s/ Walter W. Brown*
WALTER W. BROWN
Senior Litigation Counsel

PHILIP CHARLES STERNHELL
Assistant Director

CARRIE E. ROSATO
PATRICK C. HOLVEY
MATTHEW D. TANNER
LUCY GRACE D. NOYOLA
Trial Attorneys
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, D.C.  20530
Tel:   (202) 307-0341
Fax:   (202) 307-0345

*Attorneys for Plaintiff United States*

5