**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | |
| *Plaintiff & Counterclaim-Defendant*, | |
| v. | C.A. No. 19-2103-MN |
| GILEAD SCIENCES, INC., | |
| *Defendant & Counterclaim Plaintiff*, | |
| and GILEAD SCIENCES IRELAND UC, | |
| *Defendant*. | |

**[PROPOSED] FINAL PRETRIAL ORDER**

LAURA D. HATCHER
SHAMOOR ANIS
Assistant United States Attorney Wilmington,
Delaware
1313 N. Market Street
P.O. Box 2046
Wilmington, DE 19899-2046
Tel: (302) 573-6277
Fax: (302) 573-6220
*Laura.hatcher@usdoj.gov*
*Shamoor.anis@usdoj.gov*

DAVID C. WEISS
United States Attorney

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

GARY L. HAUSKEN
Director

WALTER W. BROWN
Senior Litigation Counsel

Frederick L. Cottrell, III (#2555)
Kelly E. Farnan (#4395)
Alexandra M. Ewing (#6407)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Tel: (302) 651-7700
cottrell@rlf.com
farnan@rlf.com
ewing@rlf.com

David B. Bassett
WILMER CUTLER PICKERING
    HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800

Vinita C. Ferrera
Emily R. Whelan
Mark C. Fleming
George P. Varghese
Timothy A. Cook

PHILIP CHARLES STERNHELL
Assistant Director
CARRIE E. ROSATO
PATRICK C. HOLVEY
MATTHEW D. TANNER
LUCY GRACE D. NOYOLA
Trial Attorneys
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, D.C. 20530
Tel: (202) 307-0341
Fax: (202) 307-0345

Of Counsel:

LENA YUEH
Special Counsel
Department of Justice

*Counsel for Plaintiff United States*

WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000

Ronald C. Machen
Charles T. Cox Jr.
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000

*Counsel for Defendants Gilead Sciences, Inc.
and Gilead Sciences Ireland UC and
Counterclaim Plaintiff Gilead Sciences, Inc.*

# TABLE OF CONTENTS

I.     NATURE & STAGE OF THE CASE ....................................................................1

    A.    Nature of the Action ...............................................................................1

    B.    Pleadings ...............................................................................................2

    C.    Jurisdiction ...........................................................................................2

    D.    Claim Construction ...............................................................................3

    E.    Discovery ..............................................................................................3

    F.    Pending Motions ...................................................................................3

    G.    Trial ......................................................................................................3

II.    ISSUES OF FACT .............................................................................................4

    A.    Uncontested Facts .................................................................................4

    B.    Contested Facts .....................................................................................4

III.    ISSUES OF LAW THAT REMAIN TO BE LITIGATED .................................4

IV.    BRIEF STATEMENT OF INTENDED PROOFS ..............................................5

V.    WITNESSES........................................................................................................5

    A.    List of Witnesses the Parties Expect to Call .........................................5

        1.    Witness Lists .............................................................................5

        2.    Identification of Live Witnesses ...............................................5

    B.    Testimony by Prior Sworn Testimony ..................................................7

        1.    Designations .............................................................................7

        2.    Identification and Use of Designations.....................................7

    C.    Impeachment with Prior Inconsistent Testimony .................................9

    D.    Objections to Expert Testimony ..........................................................10

VI.    EXHIBITS.........................................................................................................10

    A.    Trial Exhibits ......................................................................................10

        1.    Exhibit Lists ............................................................................10

        2.    Use of Exhibits .......................................................................12

        3.    Identification of Exhibits to Be Used.......................................13

    B.    Demonstrative Exhibits .......................................................................14

VII.    TRIAL PRESENTATION .................................................................................16

VIII.    JURORS............................................................................................................17

IX.    OTHER MATTERS...........................................................................................17

    A.    Length of Trial ....................................................................................17

    B.    Motions *in Limine* ..............................................................................19

  C. Motions for Judgment as a Matter of Law ................................................................. 19

  D. Post-Trial Briefing ....................................................................................................... 20

    1. Jury Trial ........................................................................................................... 20

    2. Bench Trial ......................................................................................................... 20

  E. Confidentiality ............................................................................................................. 20

  F. Jury Notebooks ............................................................................................................ 20

  G. Federal Judicial Center Video ..................................................................................... 21

X. SETTLEMENT ....................................................................................................................... 21

The following matters as to trial come before the Court at the final pretrial conference to be held on April 24, 2023, at 2:00 P.M. EDT, pursuant to Rule 16 of the Federal Rules of Civil Procedure, Local Rule 16.3(c), and the Court's Preferences and Procedures for Civil Cases. Plaintiff, the United States of America (the "Government") and Defendants Gilead Sciences, Inc. ("GSI") and Gilead Sciences Ireland UC ("GSIUC"; with GSI, "Gilead") hereby provide their proposed Final Pretrial Order governing the jury and bench trial beginning at 9:30 A.M. EDT May 2, 2023.

## I.   NATURE & STAGE OF THE CASE

### A.   Nature of the Action

1. The Government brings this civil action for patent infringement under 35 U.S.C. § 271 *et seq.* against GSI and GSIUC for induced infringement of U.S. Patent Nos. 9,044,509 (the "'509 Patent"), 9,579,333 (the "'333 Patent"), 9,937,191 (the "'191 Patent") and 10,335,423 (the "'423 Patent") (collectively, the "Patents-in-Suit").  The Government accuses GSI and GSIUC of inducing infringement of claims 1, 3, 8, 9, and 13 of the '509 patent, claim 13 of the '333 patent, claim 18 of the '191 patent, and claims 1, 3, 12, 18, and 19 of the '423 patent (collectively, the "Asserted Claims") through the manufacture, importation, marketing, distribution, labeling, offering for sale, and/or sale of Gilead's Truvada® and Descovy® products when used pre-exposure prophylaxis (PrEP) (collectively, the Accused PrEP Products).

2. Gilead dispute that they have induced infringement of any Asserted Claims, and GSI seeks declaratory judgments that it has not and will not infringe any valid and enforceable claim of the Patents-in-Suit.  (D.I. 78 at 104-10.)  GSI also seeks declaratory judgments that one or more claims of the Asserted Patents are invalid for failure to satisfy one or more requirements of patentability under 35 U.S.C. § 101 *et seq.*, including without limitation §§ 102, 103, and 112.

Gilead also assert that, even if any patent claim is infringed, the Government is not entitled to recover any damages, as discussed in Exhibits 3P, 3D, 4P, and 4D.

**B.    Pleadings**

3.       The operative pleadings are the Government's Complaint (D.I. 1), Gilead's Third Amended Answer and Affirmative Defenses and Defendant Gilead Sciences, Inc.'s Second Amended Counterclaims (D.I. 78), and the Government's Answer to Defendant Gilead Sciences, Inc.'s Second Amended Counterclaims (D.I. 64).

4.       The parties do not seek to amend the pleadings at this time.[1]

**C.    Jurisdiction**

5.       This action arises under the patent laws of the United States, 35 U.S.C. § 271 et seq.  Accordingly, this Court has federal question subject matter jurisdiction.

6.       The subject matter jurisdiction of this Court is not disputed and is based on 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7.       The parties agree that the Court has personal jurisdiction over all parties for purposes of this action.

8.       The parties agree that venue is proper in this District for purposes of this action.

9.       GSI disputes that the Government has standing to bring its infringement claims because it does not have authority to enforce its own patents in an affirmative patent suit  *See* D.I. 345 at 32-39.  As the sole owner of the Asserted Patents, the Government contends that it

---

[1] Gilead moved to amend its answer to add a defense of collateral estoppel, which the Court denied on February 22, 2023.  Gilead also moved to amend its answer to add additional bases of inequitable conduct, which the Court denied on March 30, 2022.  Gilead maintains its position that it should be able to assert these defenses as set out in the proposed amended pleadings but understands that the Court has denied that relief.

has standing to bring its patent infringement claims based on its allegations of infringement by Gilead.  *See* D.I. 367 at 34-39.

10. The parties do not dispute that GSI has standing to bring the counterclaims, i.e., that a case or controversy exists which is amenable to specific relief through a decree of conclusive character regarding the infringement and validity of the Asserted Patents.

11. This Court has held that sovereign immunity does not bar GSI's counterclaims. *See* D.I. 61.

**D.   Claim Construction**

12. On October 22, 2021, the Court issued a Memorandum Order construing seven claim terms contained in the Asserted Patents.  D.I. 186.

**E.   Discovery**

13. Each party has completed discovery.

**F.   Pending Motions**

14. The parties' motions for summary judgment are pending.  *See* D.I. 344, 350, 362. The parties filed their opening briefs (D.I. 345, 350) on October 13, 2022; opposition briefs (D.I. 364, 367) and GSI's cross-motion (D.I. 362) on November 28, 2022; and reply briefs (D.I. 375, 381) on December 19, 2022.

15. The parties' motions to exclude expert testimony are pending.  *See* D.I. 343, 347. The parties filed their opening briefs (D.I. 343, 348) on October 13, 2022; opposition briefs (D.I. 361, 365) on November 28, 2022; and reply briefs (D.I. 376, 378) on December 19, 2022.

16. The parties' motions *in limine*, which are being filed as part of this Pretrial Order, are pending, as set forth in Section IX.B below.

**G.   Trial**

17. A pre-trial conference is scheduled for April 24, 2023, at 2:00 PM EDT (D.I. 27).

18.     A jury and bench trial of up to 10 days is scheduled to start on May 2, 2023 (D.I. 27; *see also* minute entry dated February 22, 2023; D.I. 428).

## II.     ISSUES OF FACT

### A.     Uncontested Facts

19.     The facts listed in **Exhibit 1** are not contested for purposes of trial.  These uncontested facts shall require no proof at trial and will become part of the evidentiary record in this case once introduced to the jury or into the record at the bench trial.  Any party may read any or all of the uncontested facts to the jury or the Court and will be charged for the time used to do so.

### B.     Contested Facts

20.     The Government's statement of the issues of fact that remain to be litigated is attached as **Exhibit 2P**.

21.     Gilead's statement of the issues of fact that remain to be litigated is attached as **Exhibit 2D**.

22.     If the Court determines that any issue identified in the statements of issues of fact is more properly considered an issue of law, it should be so considered.

## III.     ISSUES OF LAW THAT REMAIN TO BE LITIGATED

23.     The Government's statement of the issues of law that remain to be litigated is attached as **Exhibit 3P**.

24.     Gilead's statement of the issues of law that remain to be litigated is attached as **Exhibit 3D**.

25.     If the Court determines that any issue identified in the statements of issues of law is more properly considered an issue of fact, it should be so considered.

## IV.   BRIEF STATEMENT OF INTENDED PROOFS

26.   The Government's brief statement of intended proofs and relief sought is attached as **Exhibit 4P**.

27.   Gilead's brief statement of intended proofs and relief sought is attached as **Exhibit 4D**.

## V.   WITNESSES

### A.   List of Witnesses the Parties Expect to Call

#### 1.   Witness Lists

28.   The Government identifies the fact and expert witnesses it intends to call to testify at trial in **Exhibit 5P**, attached hereto.

29.   Gilead identifies the fact and expert witnesses they intend to call to testify at trial in **Exhibit 5D**, attached hereto.

30.   Any witness not listed in Exhibits 5P or 5D will be precluded from testifying, absent good cause shown.

#### 2.   Identification of Live Witnesses

31.   The parties agree that fact witnesses will be sequestered.  The parties agree that expert witnesses need not be sequestered; however, to the extent any witness testifies as both a fact and expert witness, the witness will be sequestered from all testimony except from expert and certain fact witnesses to which the witness will provide expert testimony in response. Notwithstanding the foregoing, the parties agree that a single corporate representative need not be sequestered even if the corporate representative may also be a fact witness.  The parties shall exchange the names of their single corporate representatives on April 25, 2023, at 5:00 P.M.

32.     The parties will identify by email to the opposing party the witnesses they intend to call live,[2] whether each such witness will testify in the jury or bench trials or both, and the order in which they intend to call them in each trial by 7:00 P.M.[3] two calendar days before the day on which such witness will be called to testify.[4]  (For example, if a party expects to conduct an examination on Thursday, notice is to be given to the opposing party by 7:00 P.M. on Tuesday.)  The other parties shall identify any objection to such witness(es) by 7:00 P.M. the following day, i.e., the night before the trial day on which the witness(es) will be called to testify, and the parties shall meet and confer to resolve any objections by 10:00 P.M. that same evening. If good faith efforts to resolve the objections fail, the party objecting to the witness shall bring its objections to the Court's attention by 7:00 A.M. the day on which the witness will be called to testify.

33.     For witnesses whose testimony is relevant to both the jury and the bench trial, the parties agree that the witness will be presented twice (i.e. once in the jury trial, and once in the bench trial), if required by the Court.  The timing and order of the witness' testimony during the bench trial will be determined upon further guidance from the Court.

---

[2] This paragraph applies only to the identification of live witnesses.  Witnesses whose testimony will be presented via prior sworn testimony must be disclosed according to the schedule set forth below.

[3] All times listed are Eastern Daylight Time.

[4] Notwithstanding the foregoing, a witness disclosed as testifying in the jury trial on a particular day may testify in the bench trial on the same day or later without repeating this disclosure process if the opposing party objects to the admission of some or all of the witness's testimony in the jury trial and the Court sustains the objection.  In such an event, the party calling the witness shall disclose the order in which the witness will be called in the bench trial at the earliest reasonable opportunity.

**B.** **Testimony by Prior Sworn Testimony**

    **1.** **Designations**

34.    The prior sworn testimony that the Government may offer into evidence is identified in **Exhibit 6P**.

35.    The prior sworn testimony that Gilead may offer into evidence is identified in **Exhibit 6D**.

36.    This pretrial order contains the universe of prior sworn testimony designations, counter-designations, counter-counter designations, and objections to admissions of prior sworn testimony currently contemplated by the parties.  None of the foregoing shall be supplemented without approval of all parties or leave of the Court, on good cause shown, by disclosing such supplemental testimony in accordance with the schedule below.

    **2.** **Identification and Use of Designations**

37.    Use of deposition testimony shall be governed by Federal Rule of Civil Procedure 32 and the Federal Rules of Evidence.  Use of other former testimony, such as trial testimony given in *Gilead Sciences, Inc. v. United States*, No. 20-499C-CFL (Fed. Cl.), shall be governed by the Federal Rules of Evidence, including Federal Rule of Evidence 804.

38.    Either party may use testimony that is designated by another party, to the same effect as if it had initially designated the testimony as its own, subject to all objections.

39.    For any witness whose prior sworn testimony the parties intend to present at trial, the parties shall identify a list of prior sworn testimony designations to be played or read to the jury and the proposed exhibits used in the designations by 7:00 P.M. four (4) calendar days before the designations are to be played to the jury or the Court.  The party shall also disclose how it intends to present the testimony (e.g., by reading or by video) at this time.  The party receiving the designations shall inform the opposing party of any objections by 7:00 P.M. three

– 7 –

(3) calendar days prior to the testimony being offered into the record, and the parties will meet and confer by 10:00 P.M. that same day.  If there are objections that remain to be resolved, the party calling the witness by deposition shall, no later than 7:00 P.M. two (2) days before the witness is to be called at trial, submit, on behalf of all parties: (i) a copy of the entire prior sworn testimony of the witness at issue, clearly highlighting the designations, counter-designations, and counter-counter designations, and pending objections; (ii) any exhibits to be introduced with the prior sworn testimony if there remains a pending objection to that exhibit, and (iii) a cover letter clearly identifying the pending objections as well as a brief indication (i.e., no more than one sentence per objection) of the basis for the objection and the offering party's response to it. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of the prior sworn testimony or waiver of objection to the use of the prior sworn testimony.

40.     Colloquy between counsel, requests to have the court reporter read back a question, objections, and any Court rulings on objections will be eliminated when the prior sworn testimony is played at trial.

41.     When the witness is called to testify by prior sworn testimony at trial, the party calling the witness shall provide the Court with copies of the transcript of the designations, counter-designations, and counter-counter designations that will be played pursuant to the Court's procedure.

42.     The designations, counter-designations, and counter-counter-designations will be read or played by video in chronological order at the same time.  The parties will be charged for time according to the following proportions: each side shall be charged only with the time needed to play its own designations, counter-designations, or counter-counter-designations, and

will not be charged with the time necessary to play the other side's designations, counter-designations, or counter-counter-designations.

43.    If offering prior sworn testimony by video, the party offering the testimony is responsible for preparing video deposition clips of all designated testimony for that witness, including the other party's counter-designations.  The offering party shall provide a copy of the video clips to the opposing party no later than 8:00 P.M. the day before the testimony is expected to be played.

44.    For those witnesses whose prior sworn testimony will be played or read, the parties shall be permitted to make brief transition statements to introduce the witnesses by name; position or title; the company with which he or she is associated; whether the testimony was given in a corporate representative capacity, unless otherwise agreed to by the parties.  However, counsel shall not be permitted to argue or comment on the evidence during transition statements. The parties will provide the time to be charged to each party according to the Court's preferences.

45.    If a party intends to use deposition testimony during its opening statement, the party shall disclose the testimony by 12:00 P.M. one (1) day before opening statements.  The parties will provide any objections to such testimony by 3:00 P.M. the same day, and the parties will meet and confer by 5:00 P.M. the same day.  If good faith efforts to resolve the objections fail, the party objecting to the use of the testimony shall bring its objections to the Court's attention by 7:00 A.M. the next day.

## C.    Impeachment with Prior Inconsistent Testimony

46.    The above procedures regarding designations of prior sworn testimony do not apply to portions of transcripts and/or video used for impeachment of a witness.  Any prior sworn testimony may be used at trial for the purpose of impeachment, regardless of whether a

party identified that testimony on its list of designations.  The parties agree that they may object to the use of deposition and other prior sworn testimony for impeachment purposes, including objections based on lack of completeness and/or lack of inconsistency.

        **D.**    **Objections to Expert Testimony**

47.    The parties agree that the Court should rule at trial on any objections to expert testimony as beyond the scope of prior expert disclosures, and that a failure to object to expert testimony as beyond the scope of prior expert disclosures waives the objection as to that testimony.  The time taken to argue and decide such objections will be charged to the losing party.

## VI.    EXHIBITS

        **A.**    **Trial Exhibits**

            **1.**    **Exhibit Lists**

48.    The joint list of exhibits that the parties intend to offer at trial is attached as **Exhibit 7**.

49.    The Government's list of exhibits that it intends to offer at trial, with Gilead's objections, is attached as **Exhibit 8P**.  The Government reserves the right to use any exhibit identified by Gilead.

50.    Gilead's list of exhibits that they intend to offer at trial, with the Government's objections, is attached as **Exhibit 8D**.  Gilead reserves the right to use any exhibit identified by the Government.

51.    This pretrial order contains the maximum universe of exhibits to be used by a party at trial, as well as all objections to the admission of such exhibits, neither of which shall be supplemented without approval of all parties or leave of the Court, on good cause shown.  Exhibits not listed by the parties will not be admitted into evidence unless good cause is shown.

52.     The parties agree that exhibits to be used solely for impeachment or refreshing a witness's recollection need not be included on the lists of trial exhibits or disclosed in advance of being used at trial.

53.     The exhibit lists indicate whether each trial exhibit has previously been marked as a deposition exhibit or trial exhibit in *Gilead Sciences, Inc. v. United States*, No. 20-499C-CFL (Fed. Cl.).  To remove duplicates and improve legibility of the exhibits used at trial, the parties agree that the trial exhibit shall be treated as identical to the indicated deposition or CFC trial exhibit regardless of whether it bears a deposition or CFC trial exhibit sticker.

54.     The parties agree that any description of a document or other material on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the document or material.

55.     The parties will serve electronic copies of their respective pre-marked exhibits in searchable (OCR) PDF file format by 5:00 P.M. on April 20, 2023.  The Government shall be responsible for serving such copies of the Joint Trial Exhibits.

56.     The parties will provide physical copies of documents (witness binders for direct and cross examination, copies of exhibits, demonstratives, deposition transcripts, etc.) to the witnesses prior to a direct or cross-examination.  At the beginning of each trial day, the parties will provide to the Courtroom Deputy and the opposing party electronic copies of witness folders containing the exhibits and demonstratives (if any) to be used on non-adverse direct examination of any witnesses expected to be called that day.  The parties will also provide to the Courtroom Deputy (but not the opposing party) electronic copies of witness folders containing the exhibits

and demonstratives (if any) to be used on adverse direct examination and cross-examination[5] of any witnesses expected to be called that day.

### 2.     Use of Exhibits

57.     The parties agree to provide witness binders for each fact and expert witness for both direct examination and cross examination.

58.     No exhibit will be admitted into evidence unless offered through a witness, who must at least be shown the exhibit.  Exhibits may be introduced via prior sworn testimony.  At some point before the completion of the witness's testimony, absent leave of Court, any party that has used an exhibit with the witness and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence, by exhibit number.

59.     Except as provided below with respect to opening statements, exhibits may not be published, displayed, or otherwise shown to the jury until after they have been admitted into evidence.  Once admitted, counsel may publish exhibits to the jury without requesting to do so.

60.     Exhibits that are documents that were produced by any party from its own files shall be presumed authentic within the meaning of Federal Rules of Evidence 901 unless the party can make a good faith objection to the exhibit's authenticity.

61.     Complete legible copies of documents may be offered and received in evidence to the same extent as an original unless a genuine question is raised as to the authenticity of the original, or in the circumstances it would be unfair to admit the copy in lieu of the original.

62.     Any exhibit listed by a party may be offered as an exhibit by that party or by another party.

---

[5] This includes any deposition transcripts or expert reports that may be used with witnesses.

63.     Any exhibit, once admitted at trial, may be used equally be any party, subject to the Federal Rules of Evidence.

### 3.     Identification of Exhibits to Be Used

64.     A party will provide exhibits to be used in connection with non-adverse direct examination and non-adverse cross examination by 7:30 P.M. the day before their intended use, and any objections or identified issues of privilege and confidentiality will be provided no later than 8:30 P.M. the same day.  The parties are to meet and confer to resolve any objections by 10:00 P.M. the night before the exhibits' intended use.  If good faith efforts to resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention by 7:00 A.M. the next day.  Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of objection to the exhibit.

65.     Exhibits to be used in direct or cross examination of an adverse party witness need not be disclosed.  Objections to such exhibits may be made at trial when the exhibit is offered into evidence, provided that the objection was previously noted on the parties' exhibit lists.

66.     If a party intends to show a trial exhibit (or any portion thereof) during its opening statement to which the other party has objected, the party shall disclose the exhibit(s) by 12:00 P.M. one (1) calendar day before opening statements.  If the opposing party continues to object to any such exhibit(s), it will provide any objections to such exhibit(s) by 3:00 P.M. the same day, and the parties will meet and confer by 5:00 P.M. the same day.  If good faith efforts to resolve the objections fail, the party objecting to the exhibit(s) shall bring its objections to the Court's attention by 7:00 A.M. the next day.

67.     The parties will exchange final digital copies of their exhibits, with exhibit numbers, seven (7) days before the first day of trial.  The parties shall make available for inspection, at a mutually convenient time, any physical exhibits to be used at trial, labeled with an exhibit number.  The final digital copy of each exhibit page will be endorsed with a unique page identifier, including the exhibit prefix, exhibit number, and page numbers of the electronic document.  The exhibit prefixes shall be: "JTX" for exhibits on the Joint Exhibit List; "PTX" for exhibits on the Government's Exhibit List, and "DTX" for exhibits on Gilead's Exhibit List." The page numbering shall begin at 1 for the first page of each exhibit and the numbering on each page should include the trial exhibit number and the physical page number separated by a decimal. For example, page 62 of Joint Exhibit 5 would be endorsed or paginated as either: "JTX-005.0062" or "JTX-5.0062".

68.     On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list for each party.

### B.     Demonstrative Exhibits

69.     The Government's demonstratives will be identified with PDX numbers.

70.     Gilead's demonstratives will be identified with DDX numbers.

71.     The parties will exchange all demonstratives intended for use in opening statements (for opening and any rebuttal arguments) by 7 P.M. two (2) calendar days before opening statements.  The parties will provide any objections to such demonstratives by 8:30 P.M. two (2) calendar days before opening statements, and the parties will meet and confer by 5:00 P.M. the night before the opening statements are to be made.  If good faith efforts to resolve the objections fail, the party objecting to the demonstrative shall bring its objections to the Court's attention by 7:00 A.M. the next day.

72.     The parties will exchange all demonstratives (for opening and any rebuttal arguments) intended for use in closing arguments no later than 8 P.M. the night before closing arguments are to be made.  The parties will provide any objections to such demonstratives by 9 P.M. the night before closing arguments are to be made, and the parties will meet and confer by 10 P.M. the night before closing arguments are to be made.  If good faith efforts to resolve the objections fail, the party objecting to the demonstrative shall bring its objections to the Court's attention by 7:00 A.M. on the day closing arguments are to be made.

73.     A party will provide all demonstrative exhibits to be used in connection with direct examination of a witness (other than an adverse witness) by 7:00 P.M. the night before their intended use, and objections will be provided no later 8:30 P.M. the night before their intended use.  The parties are to meet and confer to attempt to resolve any objections at 10:00 P.M. the night before the demonstrative's intended use.  If good faith efforts to resolve objections to demonstrative exhibits fail, the objecting party shall bring its objections to the Court's attention by 7:00 A.M. the next day. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of objection to the exhibit.

74.     The party seeking to use a demonstrative will provide a color representation of the demonstrative to the other side in PDF format.  However, for video or animations, the party seeking to use the demonstrative will provide it to the other side electronically via a video or similar file.  For irregularly-sized physical exhibits, the party seeking to use the demonstrative will provide a color representation as a PDF of 8.5 x 11 copies of the exhibits.

75.     This provision does not apply to demonstratives created during testimony, demonstratives to be used for cross-examination, or demonstratives to be used in connection with

the direct examination of an adverse witness, none of which need to be provided to the other side in advance of their use.  In addition, blow-ups or highlights of exhibits or parts of exhibits or testimony are not required to be provided to the other side in advance of their use.

## VII.   TRIAL PRESENTATION

76.   The presentation at the jury trial will occur in the following order:

- Opening statements
- Government's case-in-chief
- Gilead's case-in-chief, including response to the government's case-in-chief and presentation of evidence on issues for which they have the burden of proof, including GSI's counterclaims
- Government's rebuttal on issues on which it has the burden of proof and response to Gilead's case-in-chief on issues for which Gilead has the burden of proof
- Gilead's rebuttal on issues for which they bear the burden of proof, including GSI's counterclaims
- Closing arguments

77.   Any rebuttal presentations will be subject to the approval of the Court.

78.   The presentation at the bench trial will occur in the following order:

- Opening statements (if desired)
- Gilead's case-in-chief
- Government's response to Gilead's case-in-chief
- Gilead's rebuttal
- The parties propose that the Court hold closing arguments, if desired, after post-trial briefing on the issues tried to the bench is complete, unless the Court prefers otherwise.

79.   Any rebuttal presentations will be subject to the approval of the Court.

80.   The record of the jury trial, including all testimony and admitted exhibits, shall be deemed part of the record for the bench trial and may be cited by the parties in post-trial briefing and relied upon by the Court.

81.   With the exception of any witness called in a party's rebuttal case, for the convenience of the witnesses, and for efficiency, any witness who is testifying live and called by

both sides will only testify once in each trial and will be questioned by both sides at that time.  A party conducting a non-adverse cross-examination will be permitted to go beyond the scope of the direct examination for witnesses on that party's final witness list.

82.     Each side will use best efforts to give the other party at least twenty-four (24) hours' notice before concluding their case-in-chief and any rebuttal case.

## VIII.   JURORS

83.     There shall be eight jurors.  The Court will conduct jury selection through the "struck juror" method, beginning with the Court reading *voir dire* to the jury panel in the courtroom, continuing by meeting with jurors individually or at sidebar and there addressing any challenges for cause, and concluding with three peremptory strikes.

84.     The parties' proposed voir dire, preliminary jury instructions, final jury instructions, and verdict form have been filed concurrently with this proposed final pretrial order.

## IX.   OTHER MATTERS

### A.   Length of Trial

85.     This matter is scheduled for a jury trial of up to 10 days beginning at 9:30 A.M. on May 2, 2023, with the subsequent trial days beginning at 9:00 A.M.  This time includes the time needed to select a jury.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 P.M.

86.     Beginning on the first day, a bench trial will follow the jury trial each day and commence after the jury is excused and running until 6:30 P.M., or as ordered by the Court.

87.     The trials will be timed.  **[Gilead's Position**: Gilead respectfully requests that the Court reconsider its April 11, 2023 order (D.I. 428) reducing the length of trial from up to 10 days to 5 days.  In light of the number of remaining issues, as reflected in the exhibits to this proposed pretrial order, Gilead does not believe that 5 trial days will allow a complete and fair

– 17 –

presentation of the evidence.  With respect to the jury trial, Gilead does not believe it will be possible to try its case in less than 17 hours, which would require 6 trial days (assuming equal time for the government).  Two of Gilead's primary defenses are public use and public knowledge, both of which require corroborating factual evidence.  *See, e.g., Woodland Tr. v. Flowertree Nursery, Inc.*, 148 F.3d 1368, 1371-73 (Fed. Cir. 1998) (holding that uncorroborated oral evidence of prior knowledge or use did not provide the clear and convincing evidence necessary for invalidity under § 102(a)).  That distinguishes this case from many patent cases in which printed-publication invalidity evidence can be presented quickly by a small number of experts.  With respect to the bench trial, Gilead does not believe it will be possible to try its case in less than 8 hours beyond the time allotted for the jury trial.  Gilead's unclean hands defense is based on a pattern of conduct spanning nearly a decade.  Because different people were involved in the key events over this period, Gilead must present testimony from several witnesses. Indeed, Gilead's unclean hands defense is predicated on many of the same facts that were presented in a 22-hour-per-side trial last June in the Court of Federal Claims—a trial that the presiding judge called "an extraordinarily complicated case with a lot of issues that are atypical." Although Gilead's other equitable defense, inequitable conduct, can be presented quickly (e.g., 2 hours per side), Gilead's unclean hand defense will require at least 6 hours of trial time.  Because Gilead bears the burden of proof on many of these issues by a clear and convincing evidence standard, compression beyond these estimates unfairly prejudices Gilead.  *Cf. Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 609-10 (3d Cir. 1995) (noting that the Federal Rules of Civil Procedure "repeatedly embody the principle that trials should be both fair and efficient" and therefore, district courts should "mak[e] an informed analysis based on a review of the parties' proposed witness lists and proffered testimony, as well as their estimates of trial

time").  Gilead therefore respectfully requests a total of 25 hours per side to be split between the jury and bench trials, with no less than 17 hours per side allocated to the jury trial over 6 trial days.**]**  [**Government's Position**:  The Government is prepared to proceed under the Court's scheduled five-day trial as set forth in its April 11, 2023, order and respectfully requests 20 hours per side, if such total time is permitted.  The Government further believes that both parties have ample time to present their narrowed cases in a five-day trial.]  Unless otherwise noted, time will be charged to a party for its opening statements, direct and redirect examination of witnesses, cross-examination of witnesses called by any other party, closing arguments, its argument on any motions for judgment as a matter of law, and all sides' arguments on objections a party raises (outside the presence of the jury) to another party's exhibits and demonstrative exhibits.  Each side shall reserve one hour for closing arguments in the jury trial.

88.     The Courtroom Deputy will keep a running total of trial time used by counsel.  If a party uses all of its allotted trial time, the Court will terminate that party's trial presentation.

### B.     Motions *in Limine*

89.     The government's contested motions *in limine*, Gilead's oppositions, and the government's replies are attached in **Exhibit 9P**.

90.     Gilead's contested motions *in limine*, the government's oppositions, and Gilead's replies are attached in **Exhibit 9D**.

### C.     Motions for Judgment as a Matter of Law

91.     The parties propose that motions for judgment as a matter of law be made and argued during breaks when the jury is out of the courtroom or at the end of the day after the jury has been dismissed. The parties agree that such motions will be raised with the Court at the first break after the appropriate point during trial so that the Court may inform the parties when such motions will be heard.

### D. Post-Trial Briefing

#### 1. Jury Trial

92.     The parties agree that any post-trial briefing on issues related to the jury trial shall proceed according to Federal Rules of Civil Procedure and this District's local rules unless otherwise ordered by the Court.

#### 2. Bench Trial

93.     The parties propose bench trial briefing in accordance with Local Rule 7.1.3.

94.     By June 2, 2023, Gilead shall submit an initial post-trial brief and Proposed Findings of Fact.  The parties will discuss page limitations and at the conclusion of the bench trial.

95.     By June 23, 2023, the Government shall submit their responsive post-trial brief and responsive Proposed Findings of Fact.

96.     By July 7, 2022, Gilead shall submit its reply post-trial brief.

97.     Gilead and the Government shall submit all hyperlinked briefs by July 12, 2023.

### E. Confidentiality

98.     The parties anticipate potentially having to request that the courtroom be closed to the public for portions of the testimony of certain witnesses.  The Government and Gilead are mindful of the strong presumption of an open court and plan to work in good faith to identify and resolve any concerns regarding the confidential nature of testimony, designations, and exhibits in advance of the trial.

### F. Jury Notebooks

99.     Subject to the Court's permission, the parties shall be allowed to provide a joint jury notebook to each of the jurors, which shall contain only the Patents-in-Suit and blank

notebook paper. The jury will be permitted to bring these notebooks and handwritten notes into the deliberation room.

### G.    Federal Judicial Center Video

100.    The parties agree that the Federal Judicial Center patent tutorial video, "The Patent Process: An Overview for Jurors," will be played to the jury.  The Government will arrange to have the video available to play on the first day of trial.

## X.    SETTLEMENT

101.    The parties hereby certify that they have engaged in good faith effort to explore resolution of the controversy by settlement.  Pursuant to the Court's March 13, 2023 Oral Order (D.I. 402), the parties will separately file a joint statement about mediation.

**IT IS HEREBY ORDERED** that this Final Pretrial Order shall control the subsequent

course of the action, unless modified by the Court to prevent manifest injustice.

IT IS SO ORDERED this _____ day of _____, 2023.


                                                       _____
                                                       The Honorable Maryellen Noreika
                                                       United States District Judge

Dated: April 17, 2023

/s/*Walter W. Brown*     /s/*Frederick L. Cottrell, III*

DAVID C. WEISS       Frederick L. Cottrell, III (#2555)
United States Attorney     Kelly E. Farnan (#4395)
             Alexandra M. Ewing (#6407)
LAURA D. HATCHER     RICHARDS, LAYTON & FINGER, P.A.
SHAMOOR ANIS       One Rodney Square
Assistant United States Attorney  920 North King Street
1313 N. Market Street     Wilmington, DE 19801
P.O. Box 2046       Tel: (302) 651-7700
Wilmington, DE 19899-2046  cottrell@rlf.com
Tel: (302) 573-6277     farnan@rlf.com
Fax: (302) 573-6220     ewing@rlf.com
*Laura.hatcher@usdoj.gov*
*Shamoor.anis@usdoj.gov*   David B. Bassett
             WILMER CUTLER PICKERING
BRIAN M. BOYNTON       HALE AND DORR LLP
Principal Deputy Assistant Attorney General 7 World Trade Center
             250 Greenwich Street
GARY L. HAUSKEN     New York, NY 10007
Director         Tel: (212) 230-8800

WALTER W. BROWN     Vinita C. Ferrera
Senior Litigation Counsel    Emily R. Whelan
PHILIP CHARLES STERNHELL Mark C. Fleming
Assistant Director      George P. Varghese
CARRIE E. ROSATO     Timothy A. Cook
PATRICK C. HOLVEY     WILMER CUTLER PICKERING
MATTHEW D. TANNER      HALE AND DORR LLP
LUCY GRACE D. NOYOLA   60 State Street
Trial Attorneys       Boston, MA 02109
Commercial Litigation Branch  Tel: (617) 526-6000
Civil Division
U.S. Department of Justice   Ronald C. Machen
Washington, D.C. 20530    Charles T. Cox Jr.
Tel: (202) 307-0341     WILMER CUTLER PICKERING
Fax: (202) 307-0345       HALE AND DORR LLP
             2100 Pennsylvania Avenue NW
Of Counsel:        Washington, DC 20037
LENA YUEH        Tel: (202) 663-6000
Special Counsel
Department of Justice     *Counsel for Defendants Gilead Sciences, Inc.*
             *and Gilead Sciences Ireland UC and*
*Counsel for Plaintiff United States* *Counterclaim Plaintiff Gilead Sciences, Inc.*