

Frederick L. Cottrell, III
302-651-7509
Cottrell@RLF.com

April 24, 2023

**VIA E-FILE & HAND DELIVERY**

The Honorable Maryellen Noreika
United State District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 19, Room 4324
Wilmington, DE 19801-3555

> Re:  *The United States v. Gilead Sciences, Inc., et al.*
> C.A. No. 19-2103-MN

Dear Judge Noreika:

      Defendants Gilead Sciences, Inc. and Gilead Sciences Ireland UC (together, "Gilead") write in advance of the pretrial conference to inform the Court that the government has informed Gilead that the parties are in agreement to limit the issues for trial as follows:

- Plaintiff will assert induced infringement based on only claim 13 of U.S. Patent No. 9,044,509, claim 13 of U.S. Patent No. 9,579,333, claim 18 of U.S. Patent No. 9,937,191, and claim 18 of U.S. Patent No. 10,335,423.

- Defendants will limit their primary obviousness references to only three of the previously asserted 17 references: the Truvada Insert (JTX 10), the California PEP Guidelines (JTX 11), and the Tsai 1995 paper (JTX 12), but may still rely on Van Rompay 2004 (JTX 21), the January 2005 CDC PEP Guidelines (JTX 65), and the September 2005 CDC PEP Guidelines (JTX 66) to show motivation to combine, state of the art, or background knowledge of a person of ordinary skill in the art.[1]

- Defendants will not assert invalidity based on derivation under 35 U.S.C. § 102(f), prior invention by Dr. Conant under 35 U.S.C. § 102(g)(2), or indefiniteness under 35 U.S.C. § 112.

---

[1] The agreement does not limit Defendants' ability to rely on other references that were disclosed as showing motivation to combine, state of the art, or background knowledge of a person of ordinary skill in the art, or to rely on any evidence to support its remaining defenses, including prior public knowledge or use under 35 U.S.C. § 102(a) or (b), inequitable conduct, or unclean hands.

■ ■ ■

The Honorable Maryellen Noreika
April 24, 2023
Page 2

       All issues identified in Defendants' April 21, 2023 letter (D.I. 440) regarding summary judgment and *Daubert* motions remain pending. However, this narrowing reduces the number of patent claims at issue for Gilead's motions related to improper dependency (D.I. 345, § III; now limited to claim 13 of the '509 Patent); non-enablement of claims reciting "tenofovir prodrug" (D.I. 345, § IV; now limited to claim 18 of the '423 Patent); and non-enablement of claims reciting orally-administered "tenofovir" (D.I. 345, § V; now limited to claim 13 in each of the '509 and '333 Patents).

       Respectfully submitted,

       */s/ Frederick L. Cottrell, III*

       Frederick L. Cottrell, III (#2555)

cc:    All Counsel of Record (via ECF and electronic mail)