# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA, *Plaintiff & Counterclaim-Defendant*, v. GILEAD SCIENCES, INC. and GILEAD SCIENCES IRELAND UC, *Defendants & Counterclaim Plaintiff.* | C.A. No. 19-2103-MN |

## GILEAD'S REQUEST FOR CURATIVE INSTRUCTION REGARDING THE MATERIAL TRANSFER AGREEMENTS

David B. Bassett
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

Vinita C. Ferrera
Emily R. Whelan
George P. Varghese
Timothy A. Cook
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

Ronald C. Machen
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000
Fax: (202) 663-6363

Frederick L. Cottrell, III (#2555)
Kelly E. Farnan (#4395)
Alexandra M. Ewing (#6407)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Tel: (302) 651-7700
cottrell@rlf.com
farnan@rlf.com
ewing@rlf.com

*Counsel for Defendants Gilead Sciences, Inc.
and Gilead Sciences Ireland UC and
Counterclaim Plaintiff Gilead Sciences, Inc.*

Gilead's Request for Curative Instruction

Gilead respectfully requests that the Court give a curative instruction to the jury in light of the testimony of Dr. Walid Heneine regarding his belief that the "Competing Interests" language in the 2008 *PLoS Medicine* article satisfied the CDC's obligation to "promptly notify" Gilead of any Inventions under the parties' Material Transfer Agreements ("MTAs").  *See* Rough Tr. 348:22-24 (May 3, 2023) ("Q. Did you feel like you gave notice to Gilead through this competing interest section?  A. Yes.").

As Gilead explained in Court, Dr. Heneine's statement opened the door to evidence of the decision of the Court of Federal Claims, which held after a full trial that the government "did not promptly notify Gilead of the patent applications," and specifically that the *PLoS Medicine* article's "Competing Interests" section was not prompt notification.  *Gilead Scis., Inc. v. United States*, 163 Fed. Cl. 104, 121, 123 (2022).  Gilead should not be required to relitigate the issue of prompt notification in order to counter Dr. Heneine's testimony.

Gilead therefore requests that the Court provide the jury with the following curative instruction:

> Yesterday you heard Dr. Heneine testify that he felt that he gave Gilead notice through the "competing interests" section of an article.  I instruct you that, whether or not he believed that to be the case, the article Dr. Heneine referred to is not prompt notification under the Material Transfer Agreements between the parties, and you may not consider it as such.

Government's Position

The Government disagrees that any curative instruction is necessary at this time and expects to object to such an instruction on the record.  As set forth at the hearing, Dr. Heneine was testifying as to his state of mind, his belief as to Gilead's knowledge of the patents, and responding to challenges to his credibility; not alleging legal compliance with the MTAs or "prompt notification."  In any event, Defendants' characterization of Dr. Heneine's testimony is

1

inaccurate and contradicted by the actual testimony.  See, e.g., Rough Tr. 321 ("Q. And did you not notify Gilead of the filing of this patent application at the time that you filed it, either, right?  A. Yes."; "Q. And you did not notify Gilead in January 2007 that you had filed that application either, right?  A. Correct."); see also Rough Tr. 348:22 ("Q. Did you feel like you gave notice to Gilead through this competing interest section?  A. Yes.").  Defendants' proposed instruction additionally and inaccurately implies that "prompt notification" is an issue for the jury to decide.

In the event the Court overrules the Government's objection, the Government would propose the following for inclusion in the Final Jury Instructions:

"You heard Dr. Heneine testify that he felt like he gave Gilead notice through the competing interest section of his article.  I instruct you that whether or not the article Dr. Heneine referred to is prompt notification under a Material Transfer Agreement is not an issue in this case for you to decide."

Dated: May 4, 2023

*Of Counsel:*

David B. Bassett
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

Vinita C. Ferrera
Emily R. Whelan
George P. Varghese
Timothy A. Cook
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

Ronald C. Machen
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000
Fax: (202) 663-6363

Respectfully submitted,

*/s/ Frederick L. Cottrell, III*
Frederick L. Cottrell, III (#2555)
Kelly E. Farnan (#4395)
Alexandra M. Ewing (#6407)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Tel: (302) 651-7700
cottrell@rlf.com
farnan@rlf.com
ewing@rlf.com

*Counsel for Defendants Gilead Sciences,*
*Inc. and Gilead Sciences Ireland UC and*
*Counterclaim Plaintiff Gilead Sciences, Inc.*