# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>    *Plaintiff & Counterclaim-Defendant*,<br><br>  v.<br><br>GILEAD SCIENCES, INC. and GILEAD SCIENCES IRELAND UC,<br><br>    *Defendants & Counterclaim Plaintiff.* | C.A. No. 19-2103-MN |

## DEFENDANTS' MOTION TO AMEND JUDGMENT
## PURSUANT TO FED. R. CIV. P. 59(e)

David B. Bassett
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

Vinita C. Ferrera
Emily R. Whelan
George P. Varghese
Timothy A. Cook
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

Ronald C. Machen
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000
Fax: (202) 663-6363

Frederick L. Cottrell, III (#2555)
Kelly E. Farnan (#4395)
Alexandra M. Ewing (#6407)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Tel: (302) 651-7700
cottrell@rlf.com
farnan@rlf.com
ewing@rlf.com

*Counsel for Defendants Gilead Sciences, Inc. and Gilead Sciences Ireland UC and Counterclaim Plaintiff Gilead Sciences, Inc.*

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................. 1
II.  LEGAL STANDARD .......................................................................................................... 2
III. ARGUMENT ........................................................................................................................ 3
   The Final Judgment As Phrased Could Be Read To Hold Defendants Liable For Directly Infringing The Asserted Claims—A Theory That The Government Never Asserted Against Defendants ..................................................................................................................... 3
IV.  CONCLUSION .................................................................................................................... 7

I.      **INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 59(e), Defendants Gilead Sciences, Inc. ("Gilead") and Gilead Sciences Ireland UC ("GSIUC"; together, "Defendants"), respectfully request that the Court alter or amend the wording of the Final Judgment, D.I. 498, to make clear that *Defendants* have not been adjudged to have directly infringed any patent claim.[1]

This motion does not seek substantive reconsideration of the Court's rulings, but rather clarification to ensure that the Final Judgment matches the Court's opinion. The motion is necessary because the Final Judgment's statement that "[j]udgment is entered in favor of Plaintiff *and against Defendants as to direct infringement* of the asserted claims" (D.I. 498 at 1[2]) could be misinterpreted to suggest that Defendants have been adjudged *liable* for direct infringement. In fact, the government's complaint never accused Defendants of direct infringement of the asserted claims—only indirect infringement, D.I. 1 at 61-63, 66-67—and that position was reflected in the Court's pre-trial order, which stated that the "[g]overnment br[ought] this civil action for patent infringement under 35 U.S.C. § 271 *et seq.* against GSI and GSIUC for *induced infringement* of" the asserted patents, D.I. 433 at 1, ¶ 1. The government never departed from its theory that Defendants allegedly *induced* infringement (not that they directly infringed), as evidenced by the agreed-upon verdict form, which asked jurors whether the government had proven that "one or more *patients or physicians* … directly infringed" any of the asserted claims. D.I. 469 at 2. The government's post-trial motions reiterated its position that *patients taking and physicians prescribing* Truvada® and Descovy® for PrEP, not

---

[1] Emphases are added throughout.
[2] The asserted claims are claim 13 of U.S. Patent No, 9,579,333 ("the '333 patent"), claim 18 of U.S. Patent No. 9,937,191 ("the '191 patent"), and claim 18 of U.S. Patent No. 10,335,423 ("the '423 patent"). D.I. 498 at 1 n.1.

1

Defendants, directly infringe the asserted claims. D.I. 487 at 5-11. The Court's ruling on post-trial motions similarly states only that *other* persons (not party to this litigation) practiced the claims' limitations. D.I. 496 at 6 (finding that "Dr. Murphy and his PrEP patients directly infringe" in some circumstances); *see also id.* at 1 (noting that the government alleged that "Defendants *induce* infringement of [the asserted claims] by the manufacture, importation, marketing, distribution, labeling, offering for sale, and/or sale of Gilead's Truvada® and Descovy® products when used for PrEP"). Nowhere in its ruling did the Court suggest that Defendants could be adjudged liable for direct infringement. Moreover, the jury found all asserted claims invalid, and the Court did not disturb that finding. It is well-settled that a defendant cannot be held liable for infringement of invalid claims.

In light of the Court's rulings, Defendants respectfully request that the Court alter or amend the Final Judgment to clarify that individuals ***not party to this litigation*** directly infringed the asserted claims and therefore the jury's verdict of no direct infringement should be set aside, and remove any implication that Defendants have been found liable for directly infringing any claims. A proposed amended judgment is submitted herewith as Exhibit A.[3]

## II. LEGAL STANDARD

A party may move to alter or amend a judgment "[n]o later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 59(e) "was adopted to 'mak[e] clear that the district court possesses the power' to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dept. of Emp. Sec.,* 455 U.S. 445, 450 (1982)

---

[3] Because this motion merely seeks to conform the wording of the judgment with the substance of the Court's opinion and the case the government presented at trial, Defendants provided a draft of this motion to government counsel in the hope of presenting the Court with an unopposed motion. The government responded that it opposes the relief sought herein.

(quoting Fed. R. Civ. P. 59(e) advisory committee's note to 1946 amendments).  A motion to alter or amend judgment is permissible, among other reasons, "to correct clear error of law or prevent manifest injustice." *Alcon Rsch. Ltd. v. Barr Lab'ys, Inc.*, 745 F.3d 1180, 1192 (Fed. Cir. 2014) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

Defendants respectfully submit that the Final Judgment as phrased contains an inadvertent "clear error of law," in that it could be said to hold Defendants liable for direct infringement of the asserted claims, even though Defendants were never accused of direct infringement and the asserted claims have been adjudged invalid.  Moreover, it would be a "manifest injustice" to adjudge Defendants liable for infringement under a direct-infringement theory never asserted against them, and where the claims are themselves invalid, such that nobody can be liable for infringing them.

## III.   ARGUMENT

### THE FINAL JUDGMENT AS PHRASED COULD BE READ TO HOLD DEFENDANTS LIABLE FOR DIRECTLY INFRINGING THE ASSERTED CLAIMS—A THEORY THAT THE GOVERNMENT NEVER ASSERTED AGAINST DEFENDANTS

D.I. 498 purports to enter judgment "in favor of Plaintiff and against Defendants as to direct infringement of the asserted claims for both Truvada® for PrEP and Descovy® for PrEP."  D.I. 498 at 1.  As phrased, this language—particularly that the judgment is "against Defendants as to direct infringement of the asserted claims"—could be misinterpreted to suggest that Defendants have been adjudged ***liable*** for "direct infringement of the asserted claims."  Of course, this Court was clear in its opinion that "***Dr. Murphy*** provided unrebutted evidence of direct infringement based on his personal experience ***prescribing PrEP and counseling PrEP patients***."  D.I. 496 at 5; *see also id.* at 6-7 ("For these reasons, ***Dr. Murphy and his PrEP patients directly infringe*** the 'wherein' step in accordance with the insert instructions

3

designating PrEP for 'high risk' patients and the Court's claim construction."). But the judgment does not provide that same clarity; instead, it suggests that Defendants are themselves liable for direct infringement.

A judgment "against Defendants as to direct infringement of the asserted claims" is legally erroneous and inconsistent with the Court's own conclusions, for at least two reasons. *First,* the government has never alleged—let alone proven—that Gilead directly infringed any asserted claim. The government only ever accused Defendants of induced or indirect infringement. *See* D.I. 1 at 61-63 (asserting that Defendants induced infringement as to Truvada® under heading titled "***Inducement*** of PrEP Regimens Through Sales of Truvada®"); *id.* at 66-67 (alleging that Defendants induced infringement as to Descovy® under heading titled "***Inducement*** of PrEP Regimens Through Sales of Descovy®"). The government's complaint focused exclusively on how Defendants "instructed health care providers and patients, in multiple ways, on the administration" of Truvada® and Descovy® for PrEP. *Id.* at 62, ¶ 256 (Truvada®); *id.* at 66, ¶ 272 (Descovy®). And the government's infringement counts all assert only that "Gilead induces infringement pursuant to 35 U.S.C. § 271(b)." *Id.* at 68-69, ¶¶ 283-284 (Count I regarding U.S. Patent Nos. 9,044,509 ("the '509 patent"), which was not tried); *id.* at 70, ¶ 292 (Count II regarding the '333 patent); *id.* at 72, ¶ 300 (Count III regarding the '191 patent); *id.* at 73, ¶308 (Count IV regarding the '423 patent). The phrase "direct infringement" appears nowhere in the complaint.

The government's infringement theory at trial was similarly limited to indirect infringement, as reflected by the agreed-upon verdict form, which asked jurors only whether "patients or physicians" directly infringed the claims, and mentioned Defendants only with respect to induced infringement. D.I. 469 2-3; *see also* D.I. 464 at 8 (final jury instructions

explaining that the government "alleges that Gilead *indirectly* infringed the three asserted claims of the Asserted Patents by inducing infringement by patients or physicians"). Of course, direct infringement *by a third party* is an element of an indirect infringement claim; the jury's finding of no direct infringement by others was thus pertinent to the indirect infringement claims, because—as the Court noted—"direct infringement is a necessary predicate of induced infringement." D.I. 496 at 2. But there was no freestanding claim of direct infringement *by Defendants* on which judgment could enter "against Defendants as to direct infringement." And the government never argued in its post-trial motions that Defendants directly infringed the claims. *See* D.I. 487 at 4-8 (contending that Dr. Murphy provided evidence of direct infringement "based on his personal experience in *prescribing PrEP and counseling PrEP patients*," and that Gilead's REMS data also provided evidence that "*patients and physicians* directly infringe"). Accordingly, it is incorrect to enter judgment "in favor of Plaintiff and against Defendants as to direct infringement of the asserted claims"; no such claim was ever pled, tried, or proven.

*Second,* the Court's opinion on post-trial motions concluded that the government proved that the claim limitations were performed not by Defendants, but by the government's expert Dr. Murphy and his patients. *See* D.I. 496 at 5-7. That is not a basis for a judgment "against Defendants as to direct infringement." Moreover, the Court's opinion affirms the jury's findings that all asserted claims are invalid, *see id.* at 9-22. It is well-settled that nobody can be liable for infringement of invalid claims. *See Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 644 (2015) ("To say that an invalid patent cannot be infringed, or that someone cannot be induced to infringe an invalid patent, is … a simple truth, both as a matter of logic and semantics."); *Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 714 F.3d 1289, 1295 (Fed. Cir. 2013) ("[N]o

accused products can be found liable for infringement of an invalid claim."); *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1320 (Fed. Cir. 2009) ("[B]ecause invalid claims cannot give rise to liability for infringement, [an alleged infringer] cannot be liable for infringement of th[e] patent.") (citation omitted); *Medtronic, Inc. v. Cardiac Pacemakers, Inc*., 721 F.2d 1563, 1583 (Fed. Cir. 1983) ("[A]n invalid claim cannot give rise to liability for infringement"); *Specialty Rental Tools & Supply, Inc. v. Boyd's Bit Serv., Inc.*, 84 F. App'x 90, 96 (Fed. Cir. 2003) (following verdict that patent was invalid and not infringed, affirming district court's denial of JMOL because jury was presented with substantial evidence of invalidity and "because invalid claims cannot be infringed"). While the Final Judgment as drafted makes clear that the asserted claims are invalid, it nevertheless includes language that could suggest that Defendants are adjudged liable for direct infringement.

Accordingly, the Court may—consistent with its opinion—enter judgment in favor of Plaintiff that individuals not party to this litigation directly infringed the asserted claims for Truvada® for PrEP and claim 18 of the '423 Patent for Descovy® for PrEP,[4] and accordingly set aside the jury's verdict of no direct infringement as unsupported by sufficient evidence, but there is no basis for entering judgment "against Defendants as to direct infringement."[5]

---

[4] D.I. 498 entered judgment "in favor of Plaintiff and against Defendants as to direct infringement of the asserted claims *for both* Truvada® for PrEP and Descovy® for PrEP." But while all asserted claims were asserted with regard to Truvada® for PrEP, only claim 18 of the '423 Patent was asserted with regard to Descovy® for PrEP. The final judgment should be amended in this respect as well.

[5] There appears to be a typographical error in the conclusion of D.I. 496 at 28, which states that "***Defendants'*** renewed motion for judgment as a matter of law or, in the alternative, a new trial … is GRANTED-IN-PART and DENIED-IN-PART," when in fact the ***Plaintiff*** filed these post-trial motions.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Rule 59(e) motion to alter or amend the judgment and enter the proposed amended judgment submitted herewith.

Dated: April 17, 2024

*Of Counsel:*

David B. Bassett
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

Vinita C. Ferrera
Emily R. Whelan
George P. Varghese
Timothy A. Cook
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

Ronald C. Machen
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000
Fax: (202) 663-6363

Respectfully submitted,

*/s/ Frederick L. Cottrell, III*
Frederick L. Cottrell, III (#2555)
Kelly E. Farnan (#4395)
Alexandra M. Ewing (#6407)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Tel: (302) 651-7700
cottrell@rlf.com
farnan@rlf.com
ewing@rlf.com

*Counsel for Defendants Gilead Sciences, Inc. and Gilead Sciences Ireland UC and Counterclaim Plaintiff Gilead Sciences, Inc.*