# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br>*Plaintiff–Counterclaim Defendant*,<br><br>v.<br><br>GILEAD SCIENCES, INC.,<br>*Defendant–Counterclaim Plaintiff,*<br><br>AND GILEAD SCIENCES IRELAND UC,<br>*Defendant*. | C.A. No. 1:19-cv-02103-MN<br><br>**Judge Maryellen Noreika** |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO AMEND
THE FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)**

SHAMOOR ANIS
Assistant United States Attorney
1313 N. Market Street
P.O. Box 2046
Wilmington, Delaware 19899-2046
Tel:   (302) 573-6277
Fax:   (302) 573-6220
*Shamoor.anis@usdoj.gov*

Of Counsel:

LENA YUEH
Special Counsel
U.S. Department of Justice

DAVID C. WEISS
United States Attorney

BRIAN BOYNTON
Principal Deputy Assistant Attorney General

SCOTT BOLDEN
Director

WALTER W. BROWN
Senior Litigation Counsel

PHILIP CHARLES STERNHELL
Assistant Director
CARRIE E. ROSATO
MATTHEW D. TANNER
LUCY GRACE D. NOYOLA
Trial Attorneys
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, D.C.  20530
Tel:   (202) 307-0341
Fax:   (202) 307-0345

*Attorneys for Plaintiff United States*

May 1, 2024

## TABLE OF CONTENTS

Page No.

I. INTRODUCTION ............................................................................................................... 1

II. LEGAL STANDARD ........................................................................................................ 3

III. ARGUMENT ..................................................................................................................... 4

    A. Defendants Never Challenged This Language When the Court Previously Used It. ........................................................................................... 4

    B. The Court Should Reject Defendants' Request to Amend the Judgment ............................................................................................................. 5

IV. CONCLUSION .................................................................................................................. 9

## TABLE OF AUTHORITIES

Page No(s).

*Bazargani v. Radel*,
　598 F. App'x 829 (3d Cir. 2015) ...................................................................................................8

*In re Cendant Corp. Secs. Litig.*,
　454 F.3d 235 (3d Cir. 2006)..........................................................................................................8

*Commil USA, LLC v. Cisco Systems, Inc.*,
　575 U.S. 632 (2015).......................................................................................................................7

*In re Energy Future Holdings Corp.*,
　575 B.R. 616 (Bankr. D. Del. 2017) ............................................................................................6

*Jenkins v. United States of America*,
　325 F.2d 942 (3d Cir. 1963).........................................................................................................8

*Lazaridis v. Wehmer*,
　591 F.3d 666 (3d Cir. 1995).........................................................................................................3

*Lynch v. Jacobs*,
　Case No. 20-cv-00182 (MN), 2021 WL 5984897 (D. Del. Nov. 23, 2021).....................3, 4, 6

*Medtronic, Inc. v. Cardiac Pacemakers, Inc.*,
　721 F.2d 1563 (Fed. Cir. 1983)....................................................................................................7

*Omega Cap. Mgmt. Partners, LLC v. Schrage*,
　Case No. 20-cv-01735 (MN), 2021 WL 9599772 (D. Del. Sept. 20, 2021)..............................3

### OTHER AUTHORITIES

35 U.S.C § 102...............................................................................................................................7

35 U.S.C § 103...............................................................................................................................7

35 U.S.C § 112...............................................................................................................................7

Fed. R. Civ. P. 58..........................................................................................................................8

Fed. R. Civ. P. 59................................................................................................................. *passim*

Plaintiff, the United States of America (the Government) hereby opposes Defendants Gilead Sciences, Inc. and Gilead Sciences Ireland UC's Motion to Amend the Judgment Pursuant to Fed. R. Civ. P. 59(e), D.I. 500.

## I.     INTRODUCTION

On March 22, 2024, the Court determined that there was insufficient evidence to support the jury's finding of no direct infringement and granted the portion of Plaintiff's motion for judgment as a matter of law with respect to the issue of direct infringement. D.I. 496 at 4-8. On that same day, the Court entered judgment "in favor of Plaintiff and against Defendants as to direct infringement of the asserted claims" for both Truvada® for PrEP and Descovy® for PrEP. D.I. 498 at 1. Defendants' present motion seeks the extraordinary relief of rewriting the Court's judgment to instead be entered "in favor of Plaintiff and against Defendants that individuals not party to this litigation as to directly infringedment of the asserted claims…." D.I. 500-1 at 1 (underline text showing Defendants' additions and strikethrough showing deletions). In a footnote, Defendants also seek additional amendments to the judgment. *See* D.I. 500 at 6, n.4. The Court should deny Defendants' Rule 59(e) motion because it fails to satisfy any of the limited circumstances warranting relief.

First, Defendants never raised concerns regarding a "freestanding" judgment on direct infringement until this motion. On May 15, 2023—nearly a year ago—the Court entered judgment following the jury's verdict "in favor of Defendants and against Plaintiff as to direct infringement of the asserted claims" for both Truvada® for PrEP and Descovy® for PrEP. D.I. 471 at 1. The May 2023 judgment was entered before the Government filed its motion for judgment as a matter of law. Defendants did not raise any issue with the language used in the Court's May 2023 judgment, or suggest that it was improper to enter judgment as to the parties in this litigation on the issue of direct infringement. The Court's May 2023 judgment used the same language

regarding direct infringement that Defendants now belatedly move to amend. If Defendants truly believed that the language used by the Court was legally erroneous, it would have sought relief from the Court nearly a year ago. Defendants suggest that the current motion "does not seek substantive reconsideration of the Court's rulings," D.I. 500 at 1, but Defendants' failure to object to this language at the time of the original judgment demonstrates that this motion is not only untimely, but an improper effort to substantively change the Court's judgment.

Second, the Court should deny the motion because Defendants failed to demonstrate that the Court made a clear error of law or that there is a need to prevent manifest injustice. Defendants merely assert that the Court's judgment "could be misinterpreted to suggest" that Defendants were adjudged liable for direct infringement. *Id*. at 3. Defendants' speculation regarding a potential misinterpretation does not constitute the clear error of law or demonstrate the need to prevent manifest injustice that is required to grant a Rule 59(e) motion.[1]

Defendants readily admit that direct infringement is a necessary predicate for the Government's induced infringement claim. The Court correctly adjudicated the direct infringement element of the induced infringement claim in favor of the Government and against Defendants. Even with Defendants' proposed amendment, judgment of direct infringement would still be "against Defendants." Thus, Defendants must agree that the ultimate disposition of the Court's present judgment is correct.

---

[1] Apart from this speculation, Defendants have not disclosed any specific reason for their unusual request to amend the judgment, which as their motion acknowledges, does not seek to alter "the substance of the Court's opinion." D.I. 500 at 2 n.3. Indeed, Gilead's motion is unnecessary as well as improper.

Defendants have not demonstrated entitlement to their exceptional request to rewrite the Court's judgment.  Defendants' motion should be denied.[2]

## II.  LEGAL STANDARD

The Court should deny a Rule 59(e) motion unless the movant shows that one of following three grounds for relief applies: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 1995) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

There has been no intervening change in controlling law or introduction of new evidence here. *Id.* at 669.  Courts "have held that a 'clear error of law or fact requires a finding that the error is plain and indisputable amounting to a complete disregard of the controlling law or the credible evidence in the record.'" *Lynch v. Jacobs*, Case No. 20-cv-00182 (MN), 2021 WL 5984897, at *1 (D. Del. Nov. 23, 2021) (quoting *In re Energy Future Holdings Corp.*, 575 B.R. 616, 629 (Bankr. D. Del. 2017)) (remaining quotation and citations omitted).  And "[a] party may only be granted reconsideration based on manifest injustice if the error is apparent to the point of being indisputable. The record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it." *Id.* (quoting *Energy Future Holdings Corp.*, 575 B.R. at 628).

"The standard for obtaining relief under Rule 59(e) is difficult for [the movant] to meet." *Omega Cap. Mgmt. Partners, LLC v. Schrage*, Case No. 20-cv-01735 (MN), 2021 WL 9599772, at *1 (D. Del. Sept. 20, 2021).  "It is well settled that reconsideration is reserved for 'extraordinary circumstances.'" *Lynch v. Jacobs*, Case No. 20-cv-00182 (MN), 2021 WL 5984897, at *1 (D. Del.

---

[2] Defendants' footnote states that they "provided a draft of this motion to government counsel in the hope of presenting the Court with an unopposed motion."  D.I. 500 at 4 n.3.  The Government, however, responded that it would oppose the motion, providing the same reasoning and arguments set forth in this opposition.  Ex. 1.

Nov. 23, 2021) (quoting *In re Energy Future Holdings Corp.*, 904 F.3d 298, 316 (3d Cir. 2018)). "The movant 'bears a heavy burden' in showing that reconsideration is appropriate." *Id.* (quoting *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991).

### III. ARGUMENT

Defendants do not identify any intervening change in law or new evidence to support their extraordinary request. Instead they assert that the judgment contains a "clear error of law" which, they speculate, may result in "manifest injustice." D.I. 500 at 3. The Court should deny Defendants' motion for two reasons. First, Defendants did not raise this issue in response to the Court's May 15, 2023 judgment. Second, Defendants fail to meet the high burden required to demonstrate that the Court's judgment should be amended.

#### A. Defendants Never Challenged This Language When the Court Previously Used It.

In May 2023, the Court entered judgment "in favor of Defendants and against Plaintiff as to direct infringement of the asserted claims for both Truvada® for PrEP and Descovy® for PrEP." D.I. 471 at 1. That judgment contains the same language regarding direct infringement that Defendants now belatedly find problematic. Yet, Defendants did not seek to amend that judgment to clarify that direct infringement was adjudicated in favor of individuals "not party to this litigation" rather than "Defendants." If Defendants had a legitimate concern with confusion as to whether the Court's judgment would be interpreted as applying to "individuals not party to the litigation" instead of "Defendants," they should have moved to correct that judgment. They did not.

The Government, on the other hand, timely filed its renewed motion for judgment as a matter of law, or in the alternative, motion for a new trial within 28 days of the Court's May 15, 2023 judgment. D.I. 487. The Government sought, *inter alia*, judgment as a matter of law as to

direct infringement. *Id.* at 4-11. Thus, Defendants were on notice that the Court might grant judgment as a matter of law as to direct infringement in a manner that would impact the Court's May 2023 judgment. But Defendants did not raise any issue with the language contained in the Court's May 2023 judgment in its opposition brief. D.I. 489. On March 22, 2024, the Court granted judgment as a matter of law as to direct infringement, D.I. 496 at 4-8, and entered judgment using the same language regarding direct infringement it previously used in its May 2023 judgment. *Compare* D.I. 498 *with* D.I. 471. If Defendants had a genuine concern regarding the language in the Court's May 2023 judgment, Defendants should have raised their concern during post-trial briefing. They did not. Defendants' motion should be denied.

**B.    The Court Should Reject Defendants' Request to Amend the Judgment**

Defendants have not met their heavy burden of showing that an amendment to the Court's judgment is warranted under Rule 59(e) because they have not demonstrated a clear error of law or the need to prevent manifest injustice. Defendants' argument that there is a "clear error of law" because the Court's judgment supposedly "could be misinterpreted to suggest" that Defendants were adjudged liable for direct infringement in unavailing. D.I. 500 at 3. Defendants admit that there would need to be a "misinterpret[ation]" of the Court's judgment before Defendants would take issue with the existing language in the Court's judgment. Further, Defendants speculate that the language in the Court's judgment "could suggest" an issue perceived by Defendants. *Id.*; *see also id.* at 5 (asserting that the Court's judgment "***could*** be said to hold Defendants liable for direct infringement")[3]; *id.* at 8 (asserting that the Court's judgment "***could suggest*** that Defendants are adjudged liable for direct infringement"). Defendants' conjecture as to how the Court's judgment might be misinterpreted does not constitute the "plain and indisputable" disregard for controlling

---

[3] All emphases supplied unless otherwise noted.

law that is required to demonstrate a clear error of law. *Lynch*, 2021 WL 5984897, at *1; *Energy Future Holdings*, 575 B.R. at 629.

The Court granted judgment as a matter of law as to direct infringement. D.I. 496 at 4-8. Defendants do not dispute that direct infringement is a necessary predicate of the Government's induced infringement claim. For example, Defendants admit that direct infringement "is an element of an indirect infringement claim." D.I. 500 at 5. The Court likewise recognizes that "direct infringement is a necessary predicate of induced infringement." D.I. 496 at 2. The Court appropriately instructed the jury on this issue by stating "[i]n order to find a party liable for induced infringement of an asserted claim, you must first find direct infringement of that claim." D.I. 464 at 13. Thus, direct infringement is an admitted element of induced infringement, and this element was adjudicated in favor of the Government and against Defendants. Even Defendants' proposed amendment retains the Court's present language that entered judgment of direct infringement "against Defendants." Defendants therefore agree that judgment of direct infringement is appropriately entered against them. Accordingly, the Court's judgment does not contain an error of law and there is no requirement for Court's judgment to be amended to reference "individuals not party to this litigation."

Defendants attempt to manufacture an error of law by incorrectly asserting that the verdict form "mentioned Defendants only with respect to induced infringement." D.I. 500 at 4. However, the direct infringement questions 1 and 4 in the verdict form are clearly labeled such that a "No" answer constitutes a "finding for Gilead." D.I. 469 at 2-3. Further, as discussed in the preceding paragraph, direct infringement is an element of induced infringement that was appropriately adjudicated in favor of the Government and against Defendants.

Defendants assert that the Court's judgment contains a clear error of law and constitutes a manifest injustice because "[i]t is well-settled that nobody can be liable for infringement of invalid claims." D.I. 500 at 5. There is no clear error of law based on the fact that the Court issued judgment on both infringement and validity.[4] "[V]alidity and infringement are distinct issues, bearing different burdens, different presumptions, and different evidence." *Commil USA, LLC v. Cisco Systems, Inc.*, 575 U.S. 632, 644 (2015). "Though an invalid claim cannot give rise to liability for infringement, whether it is infringed is an entirely separate question capable of determination without regard to its validity." *Medtronic, Inc. v. Cardiac Pacemakers, Inc.*, 721 F.2d 1563, 1583 (Fed. Cir. 1983). The Federal Circuit has explained that "[t]he better practice is to decide both issues" of infringement and validity at the district court level, *id.*, because the appellate court may reverse invalidity determinations that would require further proceedings if infringement issues were left unresolved "placing at risk the potential for additional delay and expense, the possibility of recalling witnesses, a second appeal, and a consequent inefficient use of judicial resources," *id.* at 1582. Here, the Court's Final Judgment decided both infringement and validity such that both issues are ripe for appeal.[5] Defendants have not articulated any manifest injustice based on the wording used by the Court to enter judgment. Indeed, Defendants' own proposed amendment would declare individuals liable for direct infringement, and also include a declaration of invalidity. *See* D.I. 500-1. Defendants' real complaint is only that the judgment of infringement has been entered against them.

---

[4] The Government maintains that it has not waived its sovereign immunity from Defendants' invalidity counterclaims. The Government reserves the right to appeal this issue.

[5] The Government does not concede that any of the asserted claims are invalid under 35 U.S.C §§ 102, 103, and 112. The Government reserves the right to appeal the anticipation, obviousness, and lack of enablement judgments entered in D.I. 498.

Defendants' attempt to rewrite the Court's judgment is misplaced because "[n]o form of words and no peculiar formal act are necessary to evince rendition of a final judgment." *Jenkins v. United States of America*, 325 F.2d 942, 944 (3d Cir. 1963) (citing *United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227, 233 (1957)). Rather, a court's judgment merely needs to "embod[y] the essential elements of a final decision and clearly evidence[] the judge's intention that it shall be h[er] final act in the case." *Id.* Here, the Court's judgment embodies the essential elements of a final decision and clearly evidence the Court's intention to have the judgment be the final act in the case, but for Defendants' untimely motion.

Further, there is no requirement "that the Final Judgment matches the Court's opinion," as Defendants vaguely assert. D.I. 500 at 1. Of course, the Court's opinion should be consistent with the Final Judgment, as it is here. But there is no requirement that the Final Judgment contain verbatim language from the opinion. Under the "single document rule" of Fed. R. Civ. P. 58(a), the Third Circuit has explained that the final judgment of the trial court "must be self-contained and separate from the opinion" and "must omit (or at least substantially omit) the District Court's reasons for disposing of the parties' claims." *In re Cendant Corp. Secs. Litig.*, 454 F.3d 235, 241 (3d Cir. 2006). Indeed, importing additional detail from the Court's opinion is discouraged. *Id.*; *see also Bazargani v. Radel*, 598 F. App'x 829, 830 (3d Cir. 2015) (nonprecedential per curiam) ("The District Court's opinion is set forth in the footnotes to the dismissal order . . . As such, the order is not a separate document because it is not self-contained and separate from the opinion and it includes the District Court's reasoning.").

Defendants' motion falls far short of demonstrating the extraordinary circumstances required for obtaining relief under Rule 59(e), and the motion should be denied.

## IV. CONCLUSION

The Court should deny Defendants' Motion to Amend the Judgment Pursuant to Fed. R. Civ. P. 59(e).

| | |
|---|---|
| Dated: May 1, 2024 | Respectfully submitted, |
| SHAMOOR ANIS<br>Assistant United States Attorney<br>1313 N. Market Street<br>P.O. Box 2046<br>Wilmington, Delaware 19899-2046<br>Tel:   (302) 573-6277<br>Fax:  (302) 573-6220<br>*Shamoor.anis@usdoj.gov* | DAVID C. WEISS<br>United States Attorney<br><br>BRIAN BOYNTON<br>Principal Deputy Assistant Attorney General<br><br>SCOTT BOLDEN<br>Director<br><br>*/s/ Walter W. Brown* |
| Of Counsel:<br>LENA YUEH<br>Special Counsel<br>U.S. Department of Justice | WALTER W. BROWN<br>Senior Litigation Counsel<br><br>PHILIP CHARLES STERNHELL<br>Assistant Director<br><br>CARRIE E. ROSATO<br>MATTHEW D. TANNER<br>LUCY GRACE D. NOYOLA<br>Trial Attorneys<br>Commercial Litigation Branch<br>Civil Division<br>U.S. Department of Justice<br>Washington, D.C. 20530<br>Tel:   (202) 307-0341<br>Fax:  (202) 307-0345<br><br>*Attorneys for Plaintiff United States* |